Sinnott, Judge,
delivered the opinion of the court:
Plaintiff entered the United States Navy in 1908 and served in enlisted grades until September, 1917, when he was temporarily appointed a warrant officer, a gunner. In January, 1918, he was temporarily appointed as ensign, and in September, 1918, temporary lieutenant, junior grade. In October, 1919, he was appointed temporary lieutenant from July 1, 1919, and served as such until December 31, 1921, when all temporary appointments terminated by operation of law, and plaintiff reverted to his status of a warrant officer, as a temporary gunner. On January 5, *561 1922, he was permanently warranted as gunner to rank from August 5, 1920. On May 27, 1924, plaintiff accepted a commission as an ensign in the regular Navy to rank from February 9, 1924.
In computing plaintiff’s pay after May 27, 1924, he was not given credit for services as a warrant officer for either period or longevity pay purposes. However, he was credited with all prior temporary commissioned service, in accordance with the first provisión on the top of page 627, of section 1, of the act of June 10, 1922, 42 Stat. 625, which is as follows:
“ For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay, except active commissioned service under a Federal appointment and commissioned service in the National Guard when called out by order of the President.”
It is plaintiff’s contention that he is entitled to credit for both his prior enlisted and warrant officer service in the computation of his period and longevity pay, in accordance with the second provision on the top of page 627, of section 1, of the act of June 10, 1922, supra, which is as follows:
“ For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay, * *
On June 30, 1922, plaintiff was a warrant officer, viz, a gunner. It seems clear t,o us that the second provision last above quoted from section 1 of the act of June 10, 1922, was not intended to embrace warrant officers. A mere reading of section 1 shows that this section preceding the two quoted provisions 'was confined solely to the pay of commissioned officers.
The following are the salient provisions of said section 1, which precede the two provisions above quoted from the top of page 627, 42 Stat.:
“That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers * * * of the. Navy below the grade of rear admiral * * * pay periods are prescribed, and the base pay for each is fixed as follows:
“ The first period $1,500; the second period, $2,000; * * *.
*562 “ The pay of the second period shall be paid to * * * ensigns of the Navy, and officers of the corresponding grade who have completed five years’ service.
“ The pay of the first period shall be paid to all other officers whose pay is provided for in this section.
:}: # ‡
“ Every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each three years of service up to thirty years.”
It is apparent that the pay of commissioned officers, and not warrant officers, is alone therein treated. The word officer is repeatedly used, and must be taken to refer to the pay of commissioned officers used in the first sentence of section 1, by every rule of reasonable construction.
Our views in this respect are confirmed by sections 9 and 10 of the act of June 10, 1922, supra, which specifically provide for the pay of warrant officers, and with a different rate of longevity pay, making it clear that when the word officer is used in section 1, only commissioned officers are referred to.
We must conclude that plaintiff falls within that class of officers appointed “ on or after July 1, 1922,” and is only entitled to count his commissioned service in computing his base and longevity pay, in accordance with the first provision of section 1 of the act of June 10, 1922, found on the top of page 627, 42 Stat., and that he does not come within the second provision on said page. This is also the holding in 4 Comp. Gen. 237.
The plaintiff asserts a second or alternative claim. On June 30, 1922, he was receiving pay as a warrant gunner at the rate of $187.67 per month, consisting of $167.67 pay and $20 per month granted by section 3 of the act of May 18, 1920, 41 Stat. 601.
Section 16 of the act of June 10, 1922, supra, provides:
“That nothing contained in this act shall operate to reduce the pay of any officer on the active list below the pay to which he is entitled by reason of his grade and length of service on June 30, 1922, not including additional pay authorized by the act entitled ‘An act to increase the efficiency of the commissioned and enlisted personnel of the Army, Navy, and Marine Corps, Coast Guard, Coast and *563 Geodetic Survey, and Public Health Service,’ approved May 18, 1920; * *
Under this section pay at the rate of only $167.67 per-month was saved to the plaintiff as pay at the rate of $20 per month, granted by section 3 of the act of May 18, 1920, supra, was not saved in said section 16.
On July 1, 1922, the plaintiff received the higher grade of pay provided by section 10 of the act of June 10, 1922, supra, for warrant officers with twelve years’ service, namely, $168 a month for shore duty and $189 a month for sea duty. Therefore, it is not apparent how plaintiff’s pay was reduced under the act of June 10, 1922, supra.
The plaintiff took advantage-of the new rate of pay provided in section 10 of the act of June 10, supra. He can not, nor is there any provision in the statutes, as is pointed out in defendant’s brief, by which he can on May 27, 1924, the date he accepted a commission as ensign, revive the old rate of pay he was receiving on June 30, 1922, under the superseded law. There is no provision in the 1922 act providing saved pay to a warrant gunner upon his promotion to a commissioned grade carrying a lower rate of pay.
Plaintiff cites from section 1 of the act of June 10, supra, the following provision:
“ That a commissioned warrant officer promoted from the grade of warrant officer shall suffer no reduction of pay by reason of such promotion.”
It is sufficient to say that plaintiff was promoted to the commissioned class of ensign, and not to that of a commissioned warrant officer.
We are of the opinion that plaintiff’s petition should be dismissed. It is so ordered and adjudged.
GkeeN, Judge; Moss, Judge; Geaham, Judge; and Booth, Chief Justice, concur.