Booth, Chief Justice,
delivered the opinion of the court:
Defendant demurs to plaintiff’s petition generally on the ground that it does not state a cause of action. Plaintiff is a retired warrant officer of the Army and signs himself “Major, *29 U. S. A. retired.” The War Department addresses him as “Warrant Officer Joseph H. Walton.”
The claim is based upon the act of July 31, 1935, 49 Stat. 505,507, stating that “any officer of the Regular Army * * * whose application for retirement under the provisions of this section” has been approved by the President shall be retired in the grade of major, etc. The Special Orders of the War Department specifically retires the plaintiff on account of physical disability under the. provisions of Section 4a of the act of June 4,1920, 41 Stat. 759, 761, and Section 1251 Revised Statutes.' It further states that “Warrant Officer Walton is advanced on the retired list of the Army to the rank of major under the provisions of the act of Congress approved May 7, 1932.” This act, 47 Stat. 150, is entitled “an Act to give war-time commissioned rank to retired warrant officers and enlisted men” and provides in substance that warrant officers and enlisted men who served in the Army during the World War and who may have been or hereafter may be retired shall on the date of approval of this Act or upon retirement be advanced to the highest commissioned, warrant, or enlisted grade held by them during such war: Provided, “That no increase in active or retired pay or allowances shall result from the passage of this act.”
The act of July 31, 1935, 49 Stat. 505, 507, Title 10, Sec. 971b, U. S. Code, Supp. II, under which plaintiff asserts this claim, refers to “any officer of the Regular Army who served as a commissioned officer in the Army of the United States prior to November 12, 1918,” and states that they shall be retired in the grade of major “with retired pay computed as hereinbefore provided as for a major with the same length of service.”
A reference to the above act discloses that its title is “An Act to promote the efficiency of national defense”; that it refers only to commissioned officers of the Army, and in other sections of the same act there are specific provisions relating to colonels, captains, first and second lieutenants and chaplains, all of whom are commissioned officers of the Army. It is therefore apparent that the provision quoted above, which is Section 5 of the act, applies only to commissioned officers.
In the U. S. Code there are separate chapters dealing with Commissioned Officers, Warrant Officers, and Enlisted Men, *30 indicating that “warrant officers” may not be generally classified with either commissioned officers or enlisted men. It seems to be a distinct classification, ranking after commissioned officers but before enlisted men.
Title 10, Sec. 593, U. S. Code provides:
Warrant officers other than those of the Army Mine Planter Service shall take rank next below second lieutenants and among themselves according to the dates of their respective warrants.
Title 10, Sec. 594, U. S. Code provides:
Warrant officers other than those of the Army Mine Planter Service, shall, except as otherwise provided in Title 37, receive the allowances of a second lieutenant, and shall be entitled to retirement under the same conditions as commissioned officers.
Title 37, Sec. 13, U. S. Code refers to pay and allowances of “warrant officers and enlisted men of the Army,” but Sec. 26a of that title refers to retired pay of “retired officers and warrant officers of the Army,” etc.
The plaintiff’s contention may be summed up in this passage from his brief:
If Congress had intended to restrict the benefits of the Act of 1935 to the commissioned personnel of the Army, it would have said so.
It seems, however, from what has been said that if Congress had intended to include warrant officers within the general term “officers of the Army” it would have done so. The cases cited by plaintiff do not sustain the contention that in view of the statutes warrant officers are “officers of the Army.” Allen v. United States, 67 C. Cls. 558. In that case the court held that an act referring to “officers” of the Navy comprehended commissioned officers only and did not include warrant officers.
It is apparent that plaintiff’s position is not well taken and that the defendant’s demurrer should be sustained and the petition dismissed. It is so ordered.
See Scholl v. United States, 82 C. Cls. 606, certiorari denied, 299 U. S. 592.
Whaley, Judge; Williams, Judge; Littletoh, Judge; and Green, Judge, concur.