Whitaker, Judge,
delivered the opinion of the court:
The plaintiff is a lieutenant commander in the Coast Guard. His first appointment in the Coast Guard was on August 20,. 1924, when he was appointed an ensign. Prior thereto, however, he had been an officer in the Navy, having graduated from the United States Naval Academy on June 2, 1916. He resigned from the Navy on August 2,1920, but on August 9,1920, he enrolled as a lieutenant in the United States Naval Reserve Force, which commission he held on June 30, 1922.
In computing his length of service he seeks to include his service in the Naval Academy, which he alleges he is entitled to do under the Act of June 10,1922 (42 Stat. 625, 627). Section 1 of that Act provides in part:
For officers appointed on and after July 1, 1922, no-service shall be counted for purposes of pay except active commissioned service under a Federal appointment * * *. For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay. * * *
On the date of the passage of that Act officers were entitled! to include their service in the Naval Academy in computing longevity pay (Act of March 3, 1883, 22 Stat. 473).
The first question, therefore, is whether or not the plaintiff was an officer “in the service on June 30,1922.” At that time, as stated, he held a commission in the Naval Reserve Force. Whether or not such an officer was “in the service” depends' upon the proper interpretation of the Act of August 29,1916' (39 Stat. 556, 587), which created the Naval Reserve Force. That Act says the Naval Reserve Force shall be composed of those who “obligate themselves to serve in the Navy in time-of war or during the existence of a national emergency, declared by the President * * It provides for “retainer” pay for members thereof enrolled in a provisional rank or rating of $12.00 per annum, and the Act expressly provides that “Enrolled members of the Naval Reserve Force-shall be subject to the laws, regulations, and orders for the government of the Regular Navy only during such time as *389 they may by law be required in the Navy, in accordance with their obligations, and when on active service at their own request as herein provided * * When called into active service they were entitled to the same pay, allowances, gratuities, and other emoluments as other officers and enlisted men on active duty of the same rank and length of service; but when not on active duty they were not entitled to any pay, bounty, gratuity, or pension, except the retainer pay previously referred to.
It seems to us from from a reading of these provisions that one who had enrolled in the Naval Reserve Force was not in the Naval service, but by his enrollment had done no more than to “obligate [himself] to serve” when called upon. Retainer pay is not pay for service, but only in consideration of the promise to serve when called upon.
Both the definition of members of the Naval Reserve Force as those who “obligate themselves to serve” and the provision for retainer pay clearly indicate to us that by enrolling a person did not become a member of the service but merely promised to become a member when called upon.
If in the service, a member of the Naval Reserve Force of course would be subject to the laws, regulations, and orders for the government of the Navy, but the Act expressly says that members of the Naval Reserve Force shall not be subject to the laws, regulations, and orders for the government of the Navy, except during such time as they are called into active service.
Unless in the service on June 30, 1922, plaintiff is not entitled to include his midshipman service in computing his length of service.
This construction of the Act of August 29, 1916, supra, does no violence to the purpose sought to be accomplished by the Act of June 10, 1922, supra. The Act was primarily intended to prevent the inclusion in the computation of service for pay purposes all service which was not commissioned service. At the time of its passage, however, there were a number of officers who were permitted under the law to include their midshipman service in computing their length of service. Congress did not desire to reduce their pay and, hence, it added the provision that officers in the service when *390 the Act was passed or, rather, on June 30, 1922, were permitted to include all service which they formerly had been entitled to include in computing their length of service. This meant midshipman service and enlisted service.
Plaintiff at the time of the passage of this Act was not drawing any pay from the Navy at all other than this inconsequential retainer fee and, therefore, Congress could not have had in mind such a person in enacting the provision designed to prevent the reduction in pay of any officer then in the service.
The House Committee in charge of the Bill (Act of June 10, 1922, supra) said that this clause and other similar ones had been “included hi the bill to recognize the moral obligation of the Government not to reduce the pay of any officer now in the service below the rate established in 1908 * *
Plaintiff certainly was not counting on his Naval pay for his livelihood, and Congress could not have had him in mind. The Act creating the Naval Reserve Force expressly permitted a member thereof to accept employment in any branch of the public service and to be paid for such service, something prohibited to a member of the military establishment on active duty. To his employment outside of the service plaintiff looked for his livelihood, not to his pay from the Naval establishment. Compare Leonard v. United States, 64 C. Cls. 385, 279 U. S. 40, 44.
Nearly two years before June 30, 1922 plaintiff had resigned from the Naval service. On that date he was not in the service, but only had obligated himself to serve in war, or in a national emergency declared by the President.
We are of the opinion that plaintiff is not entitled to recover. His petition will be dismissed. It is so ordered.
MaddeN, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.