**John TATO**
v.
**The UNITED STATES.**
No. 139–54.

United States Court of Claims.
Nov. 7, 1956.

Fred W. Shields, Washington, D. C., for plaintiff. Calvin H. Childress and Thomas M. Gittings, Jr., Washington, D. C., were on the briefs.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff, after his retirement in 1948, was employed in a civilian capacity by the Commissioned Officers Mess, United States Naval Air Station, San Diego, California, at a salary in excess of $3,000 per annum. The Comptroller General held that he came within the provisions of section 212 of the Economy Act of June 30, 1932, 47 Stat. 382, 406, 5 U.S. C.A. § 59a, which prohibited a "commissioned officer" from drawing retired pay so long as he held a civilian office under the United States Government the compensation of which exceeded $3,000 per annum.

At the time in question plaintiff was a commissioned warrant officer on the retired list, but he says he was not a "commissioned officer" as those words were used in the Economy Act.

The rank of commissioned warrant officer was created by the Act of March 3, 1899, 30 Stat. 1004, 1007, 34 U.S.C.A. §§ 121, 259, 260, 331, 332. This Act provided that boatswains, gunners, carpenters and sailmakers who had had 10 years service should be commissioned as "chief boatswains, chief gunners, chief carpenters, and chief sailmakers". The Act provided that such an officer should rank "with but after" ensigns, and should receive the pay and allowances of a second lieutenant in the Marine Corps.

If these officers ranked with an ensign, it would seem that they ranked as commissioned officers, because an ensign was a commissioned officer. The strange expression, "with but after" means that they ranked with an ensign, that is, they had the same rank as an ensign, but all ensigns had precedence over them, just as an ensign of an older commission has precedence over an ensign of a later commission. But, still they had the same rank as an ensign.

This view is reinforced by the provision that they should have the pay and allowances of a second lieutenant in the Marine Corps, who was a commissioned officer.

On the other hand, this view is weakened by the fact that the Economy Act of 1932, supra, in section 202, 47 Stat. 403, recognizes that there is a distinction between a commissioned officer and a commissioned warrant officer. This section provides that the suspension of promotions "shall not apply to commissioned, commissioned warrant, warrant, and enlisted personnel, and cadets, of the Coast Guard." Section 212, which the Comptroller General held applied to plaintiff, mentions only "commissioned officers"; it does not mention commissioned warrant officers, which the Act recognizes are in a different category from commissioned officers; otherwise it would not have mentioned both of them.

It would seem from this that while a commissioned warrant officer, to wit, a chief boatswain, a chief gunner, a chief carpenter, or a chief sailmaker, had the same rank as an ensign, he, nevertheless, was not a commissioned officer. The Act made a distinction between a commissioned officer and a commissioned war-

rant officer. Plaintiff was a commissioned warrant officer, but he was not a commissioned officer within the meaning of that Act.

After the passage of the Career Compensation Act of 1949 on October 12, 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq., it would seem to be clear that a "commissioned warrant officer" was not a "commissioned officer," because that Act defines the expressions "commissioned officer" and "warrant officer" and says that a "'warrant officer' means a commissioned warrant officer, warrant officer, or flight officer, including * * *." It defines a commissioned officer as "a member of the uniformed services having rank or grade of second lieutenant, ensign, or junior assistant grade, or above * * *."

A warrant officer was similarly defined by the Warrant Officer Act of 1954, 68 Stat. 157, 34 U.S.C.A. § 135 et seq. The Committee Report on the 1954 Act, House Report 1383, 83d Congress, 2d Session, reads in part:

> "Warrant officers, as such, have been in existence in the Navy since the founding of the Republic; in the Marine Corps since 1916; in the Army since 1921; in the Air Force since its establishment as a separate military department; and in the Coast Guard since its creation as such in 1915.

> "Under existing law, the Navy, Marine Corps, and Coast Guard divide their warrant officers into two groups: Commissioned warrant officers and warrant officers.

> "In the Army and Air Force there are no commissioned warrant officers, but warrant officers are likewise divided into two groups: Chief warrant officers and warrant officers, junior grade.

> "The proposed legislation does not change this traditional concept in each service, but it does establish four military grades for warrant officers which have existed since the Career Compensation Act of 1949 as pay grades."

Ever since the establishment of the Navy by the Act of March 27, 1794, 1 Stat. 350, there has been a well recognized distinction between commissioned officers and warrant officers.

While there may be some doubt, before the passage of the Career Compensation Act, whether or not a commissioned warrant officer was a commissioned officer within the meaning of the Economy Act, after the passage of that Act, we do not think there is any doubt that a commissioned warrant officer was not a commissioned officer. Since this is true, we think the doubt, for the one year, one month, and fifteen days before the passage of the Career Compensation Act, ought to be resolved in plaintiff's favor. We, accordingly, hold that he was not a "commissioned officer" within the meaning of the Economy Act and, hence, that he is entitled to recover his retired pay.

This makes it unnecessary to consider whether section 4 of the Naval Reserve Act of 1938, 52 Stat. 1175, 1176, made section 212(a) of the Economy Act inapplicable to plaintiff because at the time of his retirement he was a member of the Fleet Reserve; but on this point see Hilton v. United States, 99 Ct.Cl. 386, 390; Tanner v. United States, 125 F.Supp. 240, 129 Ct.Cl. 792, certiorari denied 350 U.S. 842, 76 S.Ct. 83; and also 28 Comp.Gen. 588.

Plaintiff's motion for summary judgment is granted, and judgment will be entered accordingly. The amount of recovery will be determined pursuant to Rule 38(c) of the Rules of this court, 28 U.S.C.A.

Defendant's motion is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.