Harold **ATKINS** et al.

v.

**UNITED STATES.**

No. 473–56.

United States Court of Claims
Jan. 15, 1958.

Fred W. Shields, Washington, D. C., for plaintiffs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Sondra K. Slade, Washington, D. C., was on the briefs.

WHITAKER, Judge.

Each of the plaintiffs were enlisted men in the United States Navy or Marine Corps, and each of them were given temporary promotions to commissioned warrant officers, and were later retired as commissioned warrant officers. Subsequent to their retirement, each plaintiff was employed by defendant in a civilian position, the emoluments of which, plus his retired pay amounted to or exceeded the sum of $3,000. Since the Navy Department was of opinion that the Economy Act of 1932 (47 Stat. 406, 5 U.S.C.A. § 59a) was applicable to commissioned warrant officers, plaintiffs were advised that it would be necessary for them to revert to their previous grade below that of a commissioned warrant officer in order to be entitled to retired pay. Enlisted men and warrant officers advanced to commissioned rank had the option to revert to their former status as enlisted men or warrant officers under section 3

of the Act of June 19, 1948 (62 Stat. 505 [1]).

All but three of the plaintiffs elected to revert to their former enlisted status and they have received the retired pay of that grade. They sue for the difference in retired pay they have received and the retired pay they would have received had they not been required to revert to their former enlisted status.

Three of the plaintiffs elected to retain their grade of commissioned warrant officer and have been denied any retired pay. They sue for the retired pay to which they say the law entitles them.

The case is on all-fours with the case of Tato v. United States, 145 F.Supp. 932, 136 Ct.Cl. 651. In that opinion we held that a commissioned warrant officer was not a "commissioned officer" within the meaning of those words as used in the Economy Act of 1932. We reaffirm that holding. They are, therefore, entitled to draw their civilian pay as well as the retired pay of a commissioned warrant officer.

The only element present in this case which was not present in the Tato case is that all of the plaintiffs, except three, elected to forego the retired pay of a commissioned warrant officer and to receive the retired pay of their former grades. This is said to bar them from now recovering the retired pay of a commissioned warrant officer. We do not think they are so barred because this election was forced upon them by the defendant's erroneous construction of the Economy Act of 1932 and of the Act of June 19, 1948, supra authorizing an election in a proper case. We think defendant erroneously construed the Act of June 19, 1948, just as it had erroneously construed the Economy Act of 1932 by holding that a commissioned warrant officer was a commissioned officer.

The Act of June 19, 1948, provides in part:

"That no enlisted man or warrant officer appointed or advanced to temporary *commissioned rank or grade* under the provisions of the Act of July 24, 1941 * * * shall be subject to any retroactive checkage for retired pay received for or on account of services *as a commissioned officer* for any period prior to November 1, 1946 * * *." [Italics supplied.]

Section 2 provided that if they had not been paid their retired pay for such a period that they were entitled to receive it.

Then section 3 provided:

"Enlisted men and warrant officers heretofore or hereafter advanced to *commissioned rank or grade* on the retired list under the said Act of July 24, 1941, as amended, shall, if application therefor is made to the Secretary of the Navy * * * be restored to their former retired enlisted or warrant officer status, as the case may be, and shall thereafter be deemed to be enlisted or warrant officer personnel, as appropriate, for all purposes." [Italics supplied.]

Defendant misconstrued this Act in that it held that plaintiffs' advancement to commissioned warrant officer rank or grade came within the terms of the Act. Since we have held it did not come within the terms of the Act, there was no necessity for plaintiffs to make any election.

Since their election was induced by an erroneous construction of the Act by the defendant, we do not think plaintiffs should be bound thereby, and, therefore, notwithstanding the election, they are entitled to recover the retired pay of a commissioned warrant officer, less whatever retired pay they have received under their election.

Plaintiffs' motion is granted, and they are entitled to recover. Judgment will be entered to that effect. The amount of the judgment will be determined in further proceedings pursuant to Rule 38(c), 28 U.S.C.A.

1. Now 10 U.S.C.A. § 6151.

Defendant's motion is denied.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.