Clyde C. JAKWAY

v.

UNITED STATES.

No. 51–58.

United States Court of Claims.

July 13, 1959.

James M. McCullough, Washington, D. C., for plaintiff. Leo J. McCullough, Washington, D. C., was on the brief.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

JONES, Chief Judge.

Plaintiff sues for the difference between military disability retired pay computed on the basis of 75 percent of the active duty pay of a colonel with over 30 years' service to which he claims he is entitled, and such pay computed on the basis of 50 percent of the active duty pay of a colonel with over 30 years' service which he has been receiving since his retirement on February 29, 1956. Plaintiff bases his right to the higher percentage on paragraph 4 of section 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, 368, 37 U.S.C.A. § 115.

Prior to November 12, 1918, plaintiff served first in an enlisted capacity and later as a commissioned officer in the Army of the United States and in the Air Corps. In 1940, after approximately 16 years' service in components of the Army of the United States, he was inducted into Federal service in the Air Corps, National Guard of the United States as a captain.

At some time prior to November 1947, plaintiff accepted a temporary appointment as colonel, Army of the United States, and performed active duty under such temporary commission until May 26, 1950. In the meantime, on November 10, 1947, plaintiff accepted a permanent commission as colonel, Air Corps, Officers Reserve Corps. This permanent commission he held until November 14, 1952, when he accepted a commission in the same grade in the Air Force Reserve which he held continuously thereafter to the date of the petition in this case.

Plaintiff did not perform any active duty under his permanent commission as colonel in the Air Force Reserve.

On May 26, 1950, when plaintiff was performing active duty under his temporary appointment as colonel, Army of the United States, he was released from active duty under the provisions of section 515(d), Officer Personnel Act of 1947, 61 Stat. 795, 907, and on the following day he accepted an appointment as a warrant officer in the United States Air Force. He served in this rank on active duty in the Air Force from May 27, 1950, to February 29, 1956, when he was retired for physical disability pursuant to the provisions of section 402(b), Title IV, Career Compensation Act of 1949, 63 Stat. 802, 817.* Plaintiff was retired in the rank of colonel and his retired pay was based on the active duty pay of a colonel with over 30 years of service.

The primary dispute in this case concerns the applicability to plaintiff's retired pay of paragraph 4 of section 15 of the Pay Readjustment Act of 1942, supra. That provision reads in pertinent part as follows:

"The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

It is undisputed that plaintiff served as a member of the military forces of the United States prior to November 12, 1918, and that he was "hereafter retired" in 1956 under the provisions of the Career Compensation Act of 1949. There is also no dispute that plaintiff was retired in the proper rank, i. e., that of full colonel, and that his disability retired pay was properly based on the active duty pay of the rank of colonel with more than 30 years' service.

The dispute narrows to the question of whether plaintiff was an *"officer * * * hereafter retired"* within the meaning of that phrase in paragraph 4 of section 15 of the Pay Readjustment Act of 1942. Defendant contends that he does not meet this requirement since for the last six years of his more than 30 years of service plaintiff was serving on active duty as a noncommissioned warrant officer and could not, therefore, have been an *"officer * * * hereafter retired under any provision of law."* In addition, defendant relies on the decision of this court in Walton v. United States, 1939, 89 Ct.Cl. 28. Plaintiff urges that his active duty service in a noncommissioned warrant rank at the time of his retirement in 1956 is immaterial as long as he was retired as a commissioned officer and not as an enlisted man, and that the Walton case relied on by defendant is inapplicable both on the law and the facts.

In the Walton case, supra, Walton, like the plaintiff herein, was serving on active duty as a Regular Army noncommissioned warrant officer at the time of his retirement for physical disability. The similarity between the two cases stops at this point. Walton was retired under a statute applicable only to warrant officers and providing that retired warrant officers who had performed satisfactory wartime service in temporary commissioned rank might be *advanced* on the warrant officers retired list to such temporary commissioned rank but that no increase in retired pay should result from such advancement on the retired list.

Plaintiff herein was not "advanced" on the retired list from noncommissioned to commissioned grade, but was placed on the retired list in the commissioned rank of colonel in which rank he had served satisfactorily for more than six years as a temporary colonel and which rank he also held under a permanent Re-

---

* Now 10 U.S.C.A. §§ 1201–1205.

serve appointment at the time of his retirement although he was not then serving under such permanent appointment. Walton based his claim for increased retired pay on a 1935 statute which was a retirement as well as a pay statute.

■ The Pay Readjustment Act of 1942, under which the plaintiff herein claims, is not a retirement statute but merely a pay statute. The 1935 statute relied on by Walton provided that officers of the Regular Army who had served as commissioned officers below the grade of major in the Army of the United States prior to November 12, 1918, should be retired in the grade of major and receive retirement pay based on such grade. The court held that Walton, a warrant officer, was properly retired under the 1932 warrant officer statute and was not a Regular Army officer entitled to retirement under the provisions of the 1935 act.

Plaintiff herein was retired under the provisions of title IV of the Career Compensation Act of 1949 *as an officer* and with the retired pay of an officer. He is not asserting, as did Walton, that he was retired under the wrong statute. He takes the position that under the Career Compensation Act of 1949, by the terms of which he concedes he was properly retired, he is entitled to certain additional pay benefits provided for in the 1942 Pay Readjustment Act, a pay statute, not a retirement statute.

■ We are of the opinion that plaintiff herein was retired as an officer and was therefore an "officer * * * hereafter retired" within the meaning of paragraph 4 of section 15 of the Pay Readjustment Act of 1942. His retirement for physical disability was authorized by section 402(b) of the Career Compensation Act of 1949. Section 402 (d) ** provides that the retirement pay of anyone retired under title IV of that act should be based upon the pay of the rank held by him at the time of his retirement unless he had previously held a higher temporary rank in which he had served satisfactorily.

■ Since plaintiff had previously served for more than six years in his temporary rank of colonel, and at the time of his retirement he held a permanent appointment in the Reserves in the same rank, his disability retired pay was computed on the basis of the active duty pay of that rank. Section 409 † provides that a member of the uniformed services eligible for retirement under title IV should be retired in the rank upon which his disability retirement pay is based under section 402(d) or in such higher rank or grade as might be authorized by law at the time of his retirement.

Thus, under section 409 plaintiff's retirement was required to be in the rank of colonel because that was the rank on which his disability retirement pay was based under section 402(d). Section 402 (i) ‡ provides that all members of Reserve components retired for physical disability are entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the Regular Services. Section 515(d) of the Act of August 7, 1947, supra, under which plaintiff accepted the warrant officer rank and active duty in 1950 provides that such appointment and service in a grade lower than such active duty grade should not affect his appointment and grade (here, that of colonel) held by him in his Reserve component.[1]

Defendant appears to find comfort in the fact that at the time of his retirement for physical disability plaintiff was

** Now 10 U.S.C.A. § 1372.

† Now 10 U.S.C.A. §§ 1372, 1373.

†† Now 10 U.S.C.A. § 1215.

1. Section 515(d) provides in pertinent part as follows:

"Any officer of any Reserve component ordered into or serving on active duty may, with his own consent, be temporarily appointed in a grade in the Army of the United States, *either higher or lower* than the grade held by him in such Reserve component, and such temporary appointment shall not affect the appointment and grade held by him in his Reserve component." [Italics supplied.]

serving on active duty as a member of a Regular component entitled to the basic pay of a noncommissioned warrant officer. From this defendant concludes that plaintiff must have been retired as a warrant officer and thereafter advanced to the grade of colonel under section 409 of the 1949 act. As we read section 409 it does not provide for *advancement* on the retired list. It prescribes the rank or grade in which a disabled service person shall be retired [2] which is the rank upon which that person's retired pay is based or in such higher rank as he may be entitled to under other provisions of law.

If, as defendant suggests, plaintiff was a member of a Regular component at the time of his disability retirement, then, under a provision of section 402(d) of the 1949 act, his retired pay had to be computed (as it was) on the basis of his prior active duty temporary rank of full colonel in the Reserves, which rank was higher than the warrant officer rank held by him at the time of his retirement. Accordingly, under section 409, plaintiff was required to be (and was) retired in such higher temporary rank of colonel which was the rank on which his retired pay was based. This is not stating that plaintiff was serving on active duty as an officer at the time of his retirement, it is merely stating that he was retired as an officer under the specific requirements of sections 402(d) and 409 of the Career Compensation Act of 1949.

Finally, defendant contends that if plaintiff was a member of a Reserve component at the time of his retirement, he was not a member of such component entitled to receive basic pay of a commissioned officer in the Reserves as required (according to defendant) by section 402(b) of the 1949 act. That section of the act does not provide that a disabled service person must have been receiving at the time of retirement the basic pay of any particular rank in any particular component of the Regulars or Reserves. It merely states that a member of a Regular component or a member of a Reserve component entitled to receive basic pay who is found unfit to perform the duties of his office, rank, grade, or rating by reason of physical disability while entitled to receive basic pay, shall be retired.

■ In view of the fact that at the time of his retirement plaintiff held the permanent rank of colonel in a Reserve component and had also, prior to that time, served satisfactorily on active duty in his temporary Reserve appointment of colonel for more than six years, it does not matter whether he was retired as a Regular or as a Reserve for the purposes of this case.

Under the provisions of title IV of the Career Compensation Act of 1949 and the facts of this case, it is evident that he was retired as a colonel, not as a warrant officer, and since, under section 402 (i), Reserves are to be treated in the same manner as Regulars, plaintiff is entitled to the benefits of paragraph 4 of section 15 of the 1942 Pay Readjustment Act. Tracy v. United States, 142 F. Supp. 943, 136 Ct.Cl. 211.[3]

We conclude that plaintiff was an officer who had served in the military forces of the United States prior to November 12, 1918, and was retired in 1956 as a colonel under the provisions of the Career Compensation Act of 1949 so that he became entitled to have his retired

---

2. Section 409 of the 1949 act provides:
   "A member of the uniformed services who is retired pursuant to this title *shall be retired in the rank*, grade, or rating *upon which his disability retirement pay is based* or in such higher rank, grade, or rating as may be authorized by law at time of retirement." [Italics supplied.]

3. While the writer of this opinion dissented in the Tracy case, it was on a point not in issue here, i. e., the rank of retirement. Here, of course, it is the rate of pay rather than the rank which is in issue.

pay computed on the basis of 75 percent of the pay of such grade as required by the provisions of section 402(d) of the 1949 act.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted and judgment will be entered to that effect.

The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S. C.A.

It is so ordered.

LARAMORE, MADDEN, and WHITAKER, Judges, concur.