**George H. SEASTROM**

v.

**UNITED STATES.**

**No. 220-57.**

United States Court of Claims.

Nov. 4, 1959.

with the Pfizer Laboratories as a Professional Service Representative. From February 1955 to March 1956 plaintiff's duties were, among other things, to call upon naval medical facilities for the demonstration and explanation of drug products. The drugs involved were not only manufactured by plaintiff's company but by various other pharmaceutical houses as well.

The Board for the Correction of Naval Records, upon a request by plaintiff, recommended that plaintiff's records be corrected to show that on February 19, 1946, he was transferred to the disability retired list in the rank of Chief Pharmacist. The recommendation was approved by the Secretary of the Navy on April 28, 1956.

Because plaintiff held civilian employment with defendant, section 212(a) of the Economy Act of 1932, 47 Stat. 406, 5 U.S.C.A. § 59a(a), was applied to the retired pay otherwise found due plaintiff under the correction of his records and a portion of his recovery was withheld. Under the decisions of this court in Tato v. United States, 145 F. Supp. 932, 136 Ct.Cl. 651, and Atkins v. United States, Ct.Cl., 158 F.Supp. 136, defendant concedes that plaintiff is entitled to recover the amounts withheld from his retired pay because of the Economy Act of 1932, supra.

However, as a result of a required statement furnished by plaintiff regarding his employment from the date of his discharge, it was determined that the payment of retired pay to plaintiff from the period of February 1955 through August 1956 was improper because of the restrictions of the Act of June 10, 1896, as amended, infra, hereinafter referred to as the "Sales Statute," and a checkage was instituted to recover a portion of the retired pay which plaintiff had received.

This action was brought by plaintiff claiming the Economy Act was not applicable to him and that the Act of June 10, 1896, infra, was also being incorrectly applied. Defendant counterclaims for

Fred W. Shields, Washington, D. C., for plaintiff. King & King, Washington, D. C., were on the briefs.

Cyril Moscow, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LARAMORE, Judge.

Plaintiff was serving as a Chief Pharmacist under a temporary appointment at the time of his honorable discharge on February 18, 1946.

Thereafter, plaintiff was employed by defendant in a civilian capacity from June 1946 to December 1951. In January 1952 plaintiff accepted employment

the retired pay which plaintiff has received for the period from February 1955 through August 1956. Since defendant admits that plaintiff is entitled to recover the amounts withheld under the Economy Act, the attention of the court is directed only to the application of the Act of June 10, 1896, and the questions presented are: (1) whether a retired chief warrant officer is a "retired officer" within the meaning of the Act, (2) whether the activities of plaintiff bring him within the prohibition of the Act, and (3) whether the prohibition of the Act should be applied to plaintiff for the time prior to the correction of his naval records.

The Act of June 10, 1896, 29 Stat. 361, as amended by section 9 of the Act of July 22, 1935, 49 Stat. 487, 490, provides in pertinent part as follows:

"* * * *And provided further,* That hereafter no payment shall be made from appropriations made by Congress to any officer in the Navy or Marine Corps on the active list while such officer is employed, after June 30, 1897, by any person or company furnishing naval supplies or war materials to the Government, and such employment is hereby made unlawful after said date: *Provided,* That no payment shall be made from appropriations made by Congress to any retired officer in the Navy or Marine Corps who for himself or for others is engaged in the selling of, contracting for the sale of, or negotiating for the sale of, to the Navy or the Navy Department, any naval supplies or war material."

Thus, if plaintiff is a "retired officer" within the meaning of the 1896 Act, payment of his retired pay is prohibited, if he was engaged "in the selling of, contracting for the sale of, or negotiating for the sale of, to the Navy or the Navy Department, any naval supplies or war material," during the time in question.

We think it clear that plaintiff was and is a "retired officer" within the

meaning of the above Act. Section 1302 (1), U.S. Navy Regulations, 1948 Edition, lists the grades of officers of the Navy and included in that list is "commissioned warrant officer" and "warrant officer."

Similarly, the phrase "retired officer" is retained in the present codification, 10 U.S.C. § 6112. Title 10, section 101(14) defines "officer" as a "commissioned or warrant officer." Section 5001(a)(5) defines "officer" as a "member of the naval service serving in a commissioned or warrant officer grade. It includes, unless otherwise specified, a member who holds a permanent enlisted grade and a temporary appointment in a commissioned or warrant officer grade." Thus, at the present time, a warrant officer is governed by the "Sales Statute" and the present codification was merely a continuation of coverage in the prior law. As a matter of fact, since the class of warrant officer was created in 1794, 1 Stat. 350, a "warrant officer" in the Navy was considered to be an "officer." Cf. Rush's Case (Rush's Adm'r v. United States), 2 Ct.Cl. 167; Brown v. United States, 18 Ct.Cl. 537.

Plaintiff's argument that he is not covered by the Act of June 10, 1896, as amended, because he held only a temporary appointment, is without merit. Plaintiff was retired for physical disability under the provisions of section 8(a) of the Act of July 24, 1941, 55 Stat. 603, 604, which provides:

"An officer or enlisted man of the active list of the Regular Navy or Marine Corps, or an enlisted man of the Fleet Reserve or Fleet Marine Corps Reserve, who incurs physical disability while serving under a temporary appointment in a higher rank, shall be retired in such higher rank with retired pay at the rate of 75 per centum of the active-duty pay to which he was entitled while serving in that rank."

Therefore it is not so much a question of plaintiff's status while serving, but the status in which he was re-

tired. See Jakway v. United States, Ct. Cl., 178 F.Supp. 307. The above Act specifically provides for retirement in the higher rank and plaintiff was retired in the higher rank which was that of commissioned warrant officer. It therefore follows that plaintiff, being a retired officer, is covered by the prohibition in the Sales Statute if he was engaged in selling to the Navy within the meaning of the Act.

Plaintiff's statement of employment furnished the Navy shows that since his employment by Pfizer Laboratories he was either engaged in actual selling or demonstration of drugs manufactured by Pfizer and that in such capacity he sold to or demonstrated and explained the products to various naval facilities. Certainly his demonstration or explanation of the drugs could only be aimed at eventual sales by the company. We cannot conceive of any company engaged in a profit-making enterprise that would send a paid representative in the field of demonstration without the thought of future sales. Thus the only logical conclusion in this case is that plaintiff's work, if not actually procuring a signed order, was all in an effort to increase sales and when his activities included visits to naval facilities he came under the restrictions of the Sales Act, supra.

Plaintiff's next contention is that the Act of June 10, 1896, should not be applied to him because he only became subject to its terms after his records were corrected.

In this respect it is true that at the time plaintiff was engaged in the "selling" activities, heretofore noted, he may not have been a retired officer. However, it was by plaintiff's own application for the correction of his records that he became entitled retroactively to the benefits of a retired status. When plaintiff's records were corrected, he became entitled as a retired officer only to retired pay for periods for which he was eligible under the law. The statute here involved prohibited payment of retired pay to a retired officer who was engaged in sales activities. When plaintiff's records were corrected, he had received none of the funds involved and at that time was entitled only to an amount he would have received had the correction not been in force. In other words, the correction was merely to place plaintiff in the same financial condition which he would have occupied had a correction not been necessary. Had plaintiff been retired initially for physical disability unquestionably he would not have been paid for the time spent in "selling." It follows that he never had a right to such retired pay and the mere fact that the retired pay was retroactive would not relieve the defendant of the duty to impose upon plaintiff the restrictions of the Sales Act.

In summary, it is the conclusion of the court that plaintiff is a retired officer who engaged in a form of selling to the Navy. His retired pay was subject to all statutory limitations on payment and he is not entitled to retain the retired pay paid him for the period from February 1955 through August 1956, when he was engaged in a form of selling to the Navy.

Plaintiff is entitled to recover the amount of his retired pay withheld because of the Economy Act, and accordingly plaintiff's motion for summary judgment on this item of the petition is granted. The amount of recovery is to be determined pursuant to Rule 38(c), 28 U.S.C.A.

Defendant's motion for summary judgment on its counterclaim is granted, and the amount of recovery under the counterclaim is also to be determined pursuant to Rule 38(c).

It is so ordered.

JONES, Chief Judge, and LITTLETON (Ret.), and WHITAKER, JJ., concur.