Jones, Chief Judge,
delivered the opinion of the court:
Since the court’s original opinion was rendered on July 15, 1959, ante, p. 439, the defendant calls attention to our decision in the case of Hilton v. United States, 99 C. Cls. 386, in which a different conclusion was reached.
The Hilton opinion, however, was rendered prior to the Career Compensation Act of 1949, 63 Stat. 802, 816, under which the plaintiff herein was retired for disability. The plaintiff in the Hilton case was retired before the Career Compensation Act of 1949 was passed.
In the Hilton case it is clearly stated that the plaintiff sought “to include his service in the Naval Academy, which he alleges he is entitled to do under the Act of June 10, 1922 (42 Stat. 625, 627).”
Paragraph (6) of Section 202(a) of the Career Compensation Act of 1949, supra, under which plaintiff herein claims, provides as follows:
(6) all service which, under any provision of law in effect on the effective date of this section is authorized to be credited for the purpose of computing longevity pay.
Thus, it is clear that the claims in the two cases are on an entirely different basis. Neither the Act of June 10, 1922, *450 supra, nor the Pay Readjustment Act of 1942, 56 Stat. 859, sought to take away any of the rights of any officer. They were affirmative acts granting certain rights, but they specifically preserved any rights as to longevity pay which had been granted by any previous act. Thus, there are differences in the facts as well as the applicable law in the two cases.
In so far, however, as there is any conflict between the two opinions the Hilton opinion is to that extent overruled.
The Act of March 8,1883, 22 Stat. 472, 473, permitted all officers of the Navy to credit “the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, * * This statute was in full effect at the time plaintiff entered the Naval Academy on May 5, 1910. His rights thereunder accumulated for more than three years prior to the Acts of 1913, 1922, and 1942, supra, respectively. None of these acts undertook to repeal any rights that accumulated prior to the Act of March 4, 1913, 37 Stat. 891. If those acts had undertaken to repeal rights already accumulated in the service it is doubtful whether they could have had that effect, but each of them reserved rights that had accumulated theretofore.
The Career Compensation Act of 1949, supra, under which plaintiff claims and which was enacted subsequent to the issues that arose in the Hilton case, repealed the provisions of the Act of 1883 as obsolete but at the same time reserved all accumulated rights which had accumulated theretofore, as is shown by paragraph 6 of the Act of 1949, which is quoted above. That this construction is correct is made absolutely clear by the following facts. Some discussion was apparently raised as to whether the Act of 1949, supra, might not have repealed the rights of those who had had certain prior service, including Naval Academy service, in order to make certain that they were entitled to credit for this service. Section 511 of the Career Compensation Act of 1949 was amended in this respect by section 4 of the Act of May 19, 1952, 66 Stat. 79, 80. The amendment changed the third proviso of section 511 of the Career Compensation Act of 1949 to read as follows:
*451 Provided further, That for the purposes of this section, the term “active service” as used herein shall mean all service as a member or as a former member of the uniformed services, service as a cadet or midshipman in the case of those members appointed to the United. States Military Academy prior to August 21¡,, 191®, or to the United States Naval Academy prior to March 4-, 1913, if such service was creditable for longevity pay purposes at the time of retirement, * * *. .[Emphasis supplied.]
This amendment was adopted and is as clear as the English language can make it.
Evidently the conferees on the part of the House felt that the amendment was unnecessary since they concluded that this right was already preserved in the Career Compensation Act of 1949. But in- order that there might be no doubt about it, they agreed to the amendment. In agreeing to the amendment, the Managers on the part of the House made the following statement:
The Senate amendment also contained language which would have restored the right to count midshipman service in the case of those retired members of the Navy who were appointed as midshipmen to the United States Naval Academy prior to March 4, 1913. Prior to the enactment of the Career Compensation Act of 1949 service at the Military and Naval Academies was permitted to be used as a multiplier in computing years of service for retirement pay purposes. This was applicable, however, only to men who had entered the Military Academy prior to August 24, 1912, and to men who had entered as midshipmen at the United States Naval Academy prior to March 4, 1913. A decision of the Comptroller General properly construed the Career Compensation Act as making inapplicable, for computing “active service”, service at the Academies for the years in question. However, the managers are of the opinion that it was not the intention of the Oareer Compensation Act to eliminate credit for this type of service which prior to the Oareer Compensation Act had been creditable for retirement purposes. Thus, the conferees agreed to language contained in the amendment permitting this service to be credited in computing retired pay. * * [Emphasis supplied.]
It may be added that section 402 (i) of the 1949 act, supra, specifically states that all members of the reserve components heretofore or hereafter retired or granted re *452 tirement pay because of physical disability shall be entitled to the same pay, rights, benefits, and privileges provided by law or regulation for retired members of the regular services. All retired officers of the regular* services have the right to credit for the Naval Academy service in the computation of their retired pay if performed under appointment prior to 1913.
Plaintiff is a retired Reserve officer and was retired for physical disability under Title IY of the 1949 Act, supra. This is but an added reason why plaintiff in this case is entitled to recover.
The motion of the defendant is overruled.
It is so ordered.
Littleton, Judge {Bet.), concurs, and Madden, Judge, concurs in the result.