**Walter ZUR-LINDEN**
v.
**The UNITED STATES.**
No. 207-58.

United States Court of Claims.
July 18, 1962.

———◇———

Fred W. Shields, Washington, D. C., for plaintiff; King & King, Washington, D.C., on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant.

LARAMORE, Judge.

In this action, plaintiff seeks to recover the difference in the retired pay he has received and retired pay computed in accordance with paragraph 4, section 15, of the Pay Readjustment Act of 1942, 56 Stat. 359, 368, 37 U.S.C.A. § 115, for the period commencing six years prior to the filing of this petition. The case arises on cross-motions for summary judgment.

The parties are in agreement on the facts which are, in substance, as follows: Plaintiff first enlisted in the U.S. Navy on June 14, 1906, and served through successive terms of enlistment until January 1, 1932, when he was retired for physical disability and transferred to the retired list as a commissioned warrant officer. He was recalled to active duty on January 27, 1942, accepted a temporary appointment as a lieutenant, and served until March 15, 1945, when he was released from active duty. He was subsequently advanced on the retired list to the rank of lieutenant.

Since his release from active duty and advancement on the retired list, plaintiff has received retired pay based upon the rank of a lieutenant credited with over 27 years, but less than 30 years' service. Plaintiff in his claim seeks the difference in the pay he has received and retired pay computed on the basis of 75 percent of the active duty pay he was receiving at the time of his release from active duty on March 15, 1945.

Paragraph 4, section 15, of the Pay Readjustment Act of 1942, supra, which plaintiff claims is applicable to him, provides:

"The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, here-

after retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

Plaintiff contends that he is entitled to be paid at the rate set forth above since he served in the Navy prior to November 12, 1918, and is an officer "hereafter retired" within the meaning of the statute.

This court has consistently held that retired military personnel who were recalled to active duty during World War II ought to be considered as having "re-retired" after the completion of their wartime service. Carroll v. United States, 117 Ct.Cl. 53, 81 F.Supp. 268; Danielson v. United States, 121 Ct.Cl. 533, 102 F.Supp. 575; Sherfey v. United States, 141 Ct.Cl. 307, 157 F.Supp. 936, cert. denied 367 U.S. 926, 78 S.Ct. 1372, 2 L.Ed.2d 1371; Jones v. United States, Ct.Cl., 282 F.2d 906, decided October 5, 1960. The defendant no longer argues this point; instead, the Government argues that plaintiff is without the purview of the statute because he was a commissioned warrant officer but not *any officer* as contemplated by the provisions of the Act. The Government's position is that the fourth paragraph of section 15, supra, is not a retirement statute but relates solely to a method of computing retirement pay which clearly would not be available to one who is not an officer at the time of his retirement. With this position we are in full accord. Further, we agree with the defendant that plaintiff was not a lieutenant at the time of his retirement, but was advanced to that higher rank on the retired list in recognition of his temporary active service in that rank. Jones v. United States, supra.

The issue then is whether the plaintiff was an officer at the time of his retirement within the meaning of the statute. If a commissioned warrant officer is an officer within the meaning of the stat-ute, then beyond question plaintiff would be entitled to have his pay computed at the rate of 75 percent of his active duty pay at the time of retirement.

The question of whether a warrant officer is an officer has been before this court on several occasions. In each instance, we based our determination upon an interpretation of the particular statute involved. In construing the provisions of the so-called "Sales Statute," 29 Stat. 361, as amended, we held that a warrant officer was covered by the prohibition expressed in the Act. Seastrom v. United States, 177 F.Supp. 948, 147 Ct.Cl. 453. On the other hand, we held that the prohibitions of the Economy Act of 1932, 47 Stat. 382, 406, 5 U.S.C.A. § 59a did not apply to warrant officers. Tato v. United States, 145 F.Supp. 932, 136 Ct.Cl. 651; Atkins v. United States, 158 F.Supp. 136, 141 Ct.Cl. 88. This is the first time we have been called upon to pass on the question of the status of a warrant officer under the provisions of the Pay Readjustment Act, supra.

The defendant forcefully argues that the statute contains valid distinctions between officers and warrant officers and/or commissioned officers and commissioned warrant officers; hence, if Congress intended equal treatment to each category it would not have made the distinction. Admittedly, the Act is replete with separate reference to officers and warrant officers lending credence to defendant's view. However, distinctions may be set out for many reasons, but this does not necessarily imply that the distinction applies in every respect. It cannot be denied that warrant officers are not commissioned officers within the meaning of some statutes, Tato v. United States, supra; Atkins v. United States, supra; Allen v. United States, 67 Ct.Cl. 558. The issue here is whether they are to be treated as officers for pay purposes under the statute in question.

The purpose of the Pay Readjustment Act of 1942[1] is clearly stated as in-

1. Now 37 U.S.C.A. § 232.

tended to readjust the pay and allowances of military personnel. The first paragraph of section 1 states:

" * * * That, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general; of the Navy, the Coast Guard, and the Coast and Geodetic Survey below the grade of rear admiral; and of the Public Health Service below the grade of assistant to the Surgeon General, pay periods are prescribed, and the base pay for each is fixed as follows:

"The first period, $1,800; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; the fifth period, $3,500; and the sixth period, $4,000."

Since the purpose of the Act is apparent, our determination must be based on how this particular Act was intended to affect commissioned warrant officers for pay purposes.

The answer to this is contained in the express language of the Act itself,[2] as follows:

"Commissioned warrant officers of the Navy, Marine Corps, and Coast Guard, with creditable records on the active list, after ten years of commissioned service, and masters in the Army Mine Planter Service, shall receive the base pay of the third period as established by section 1 of this Act and shall be entitled to the money allowances for subsistence and for rental of quarters as established by sections 5 and 6 of this Act *for officers* receiving the pay of the third period.

"Commissioned warrant officers of the Navy, Marine Corps, and Coast Guard, with creditable records on the active list, after twenty years of commissioned service, shall receive the base pay of the fourth period as established by section 1 of this Act and shall be entitled to the money allowances for subsistence and for rental of quarters as established by sections 5 and 6 of this Act *for officers* receiving the pay of the fourth period." [Italic supplied].

A reading of this section of the Act seems to equate the remuneration applicable to a warrant officer to that applicable to officers. If this is so for active duty pay purposes it would seem logical for retired pay purposes also since the amount of retirement benefits are directly related to an officer's base pay.

Although defendant's position is impressive, it is not persuasive. We are of the opinion that Congress would not have used the phrase "the retired pay of *any officer*" and have equated the pay of warrant officers to that of officers for a definite period, if that body had intended to exclude warrant officers from certain retired pay benefits.

Therefore, we conclude that plaintiff was an officer within the purview of paragraph 4, section 15, of the Pay Readjustment Act of 1942, supra. Consequently, plaintiff is entitled to have his retired pay computed on the basis of 75 percent of his active duty pay at the time of retirement, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c), 28 U.S.C.A.

Accordingly, plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and DAVIS, DURFEE and WHITAKER, Judges, concur.

2. Now 37 U.S.C.A. § 232.