Norman Morris RAINS

v.

The UNITED STATES.

No. 114–60.

United States Court of Claims.

Feb. 6, 1963.

Fred W. Shields, Washington, D. C., for plaintiff. Thomas M. Gittings, Jr., and King & King, Washington, D. C., were on the briefs.

Katherine H. Johnson, Alexandria, Va., with whom was Acting Asst. Atty. Gen. Joseph D. Guilfoyle, for defendant.

WHITAKER, Judge.

After twenty years' service in the Navy, plaintiff was released from active duty and placed on the retired list, effective August 1, 1955. Not long thereafter he was employed by the United States Naval Repair Facility as an electrician, at an hourly rate of $2.24, the rate established by administrative wage board procedure. From this date until September 7, 1956, he drew both his retired pay and his pay as an electrician with the United States Naval Repair Facility. However, on August 2, 1956, he was advised that, since he had retired as a chief warrant officer, he would be compelled to resign because he had been unlawfully employed by the above Facility, and he did resign on September 7, 1956. Subsequently, on the ground that his employment by the United States Naval Repair Facility violated section 62 of Title 5 U.S.C., deductions were made from his retired pay in the sum of $4,782.09, to recoup amounts paid him while so employed. He sues to recover said sum.

Section 62 of Title 5 U.S.C. (1958 ed.) reads as follows:

"No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to which compensation is attached unless specially authorized thereto by law; but this shall not apply to retired officers of the Army, Navy, Air Force, Marine Corps, or Coast Guard whenever they may be elected to public office or whenever the President shall appoint them to office by and with the advice and consent of the Senate. Retired enlisted men of the Army, Navy, Air Force, Marine Corps, or Coast Guard retired for any cause, and retired officers of the Army, Navy, Air Force, Marine Corps, or Coast Guard who have been retired for injuries received in battle or for injuries or incapacity incurred in line of duty shall not, within the meaning of this section, be construed to hold or to have held an office during such retirement."

It is obvious that the amount for which plaintiff sues was erroneously paid to him and that the Government was entitled to recoup it, unless plaintiff comes within one of the classes of excepted persons described in the statute. These excepted classes of persons are: (1) retired officers of the several services elected to public office or appointed to public office by the President, by and with the advice and consent of the Senate; (2) retired enlisted men of the various services; (3) retired officers of the various services who have been retired for injuries received in battle or in line of duty.

Plaintiff was not elected or appointed to public office, nor was he retired for injuries received in battle or incurred in line of duty. To come within any of the exceptions plaintiff must have been an enlisted man.

Several cases have been before this court involving the status of warrant officers, but in none of them, quite understandably, has the issue been, whether a warrant officer was an enlisted man or an officer. In Tato v. United States, 136 Ct. Cl. 651, 145 F.Supp. 932, and in Atkins v. United States, 141 Ct.Cl. 88, 158 F. Supp. 136, we held that a warrant officer did not come within the provisions of the Economy Act of 1932, as amended, which applied to "commissioned officers", as those words were used in that Act. But in Walter Zur-Linden v. United States, Ct.Cl., 305 F.2d 856, we held that the words "commissioned officers" had a broader meaning in the Pay Readjustment Act of 1942, 56 Stat. 359, 368, which provided for the computation of the annual pay of "commissioned officers" of the various services, and that a commissioned warrant officer was embraced

766

within it. In Seastrom v. United States, 177 F.Supp. 948, 147 Ct.Cl. 453, we held that, while a warrant officer did not come within the terms of the Economy Act of 1932, he did come within the terms of the so-called "Sales Statute", which referred, not to any particular class of officers, but to "any officer".

■ The Seastrom case held that there could be no doubt that, whether or not a "commissioned warrant officer" was a "commissioned officer", he certainly was an "officer". In no case, so far as we know, has it ever been contended that a warrant officer was an enlisted man. We hold that he is not.

This brings us to the other question, whether or not plaintiff held "any other office" while employed by the Naval Repair Facility as an electrician, within the meaning of section 62 of 5 U.S.C.

In Hostinsky v. United States, Ct.Cl., 292 F.2d 508, plaintiff, a retired officer, was appointed a fire and damage control superintendent by the Maritime Commission. While the question, whether or not the position of fire and damage control superintendent was "another officer", was not raised in that case, we assumed that it was, and held that plaintiff's appointment thereto was in violation of 5 U.S.C. § 62. Whether or not that position was "another office", plaintiff says it is questionable whether it follows that a position, the compensation of which was not fixed and which was on an hourly basis, as determined by a wage board, was also "another office". Plaintiff raises this question, but does not say why he questions it, nor does he cite us to any authorities dealing with the question. Defendant merely says it does not matter whether the compensation of the latter position is on an annual basis or hourly basis.

Neither the petition nor the answer supply us with the facts necessary for us to determine the question. The fact that the position of electrician may have been a relatively inferior position, carrying a relatively low salary, was held not to be determinative in Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 64 L. Ed. 692. In that case the Supreme Court said, at page 516, 40 S.Ct. at page 376:

" * * * The distinction between officer and employee in this connection does not rest upon differences in the qualifications necessary to fill the positions or in the character of the service to be performed. Whether the incumbent is an officer or an employee is determined by the manner in which Congress has specifically provided for the creation of the several positions, their duties and appointment thereto."

If the appointment is made by those given the power to appoint inferior officers by the Constitution, the appointee is an officer; if not, he is an employee. In the Burnap case Congress had conferred the power of appointment on the Chief of Engineers. For this reason Burnap was held to be an employee, and not an officer. The Constitution gave the power of appointment of inferior officers only to the President and, if Congress so authorized, to the courts of law and to the heads of departments. Congress could not constitutionally give to the Chief of Engineers the power to appoint an inferior officer. Since Congress had authorized him to appoint a man to Burnap's position, the man appointed must be, not an officer, but an employee.

In the case at bar we are not told by whom plaintiff was appointed.

That an employee of the United States, appointed by one other than the President, a court of law, or the head of a department, was not an officer, was first declared by the Supreme Court in United States v. Germaine, 99 U.S. 508, 25 L.Ed. 482.[1] It was also said in that case, at pages 511–512, 25 L.Ed. 482:

"If we look to the nature of defendant's employment, we think it equally clear that he is not an officer.

1. Some cases in the lower courts applying the criterion of the status of the person making the appointment are: Callahan v. United States, 74 App.D.C. 281, 122

In that case the court said, the term embraces the ideas of tenure, duration, emolument, and duties, and that the latter were continuing and permanent, not occasional or temporary. In the case before us, the duties are *not* continuing and permanent, and they *are* occasional and intermittent. The surgeon is only to act when called on by the Commissioner of Pensions in some special case, as by the Commissioner of Pensions in when some pensioner or claimant of a pension presents himself for examination. He may make fifty of these examinations in a year, or none. He is required to keep no place of business for the public use. He gives no bond and takes no oath, unless by some order of the Commissioner of Pensions of which we are not advised."

Although we are told that plaintiff was paid by the hour and was employed as an electrician, we are not told what the tenure of the position was, its duration, or whether it was permanent or temporary. In short, we are not presented with the facts in this case to determine the question.

One more thing might be said. In United States v. Mouat, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463, which involved the status of a paymaster's clerk in the Navy, it was also held that an officer had to be appointed by the President, the courts of law, or the head of a department, and that a paymaster's clerk, not having been so appointed, was not an officer; but in United States v. Hendee, 124 U.S. 309, 8 S.Ct. 507, 31 L.Ed. 465, decided the same day, it was held that a paymaster in the Navy, who was acknowledged to be an officer of the United States, might count his service as a paymaster's clerk in computing, for pay purposes, his length of service, notwithstanding the language of the pay statute, which provides, "all officers of the Navy

shall be credited with the actual time they may have served as officers or enlisted men." The court held that Congress intended the expression, "officers or enlisted men", to include "all men in service," and that the word "officers" had been used in its "more popular signification", rather than in its strict constitutional sense.

■ This raises the question in the case at bar, whether, in the Dual Compensation Act, Congress used the word "officer" in its constitutional sense or in its more popular signification. If the latter, plaintiff would come within its terms, whether an officer or not, in the constitutional sense. The parties have not discussed this phase of the question, and we do not decide it; but it is obvious that, either for this reason or because the position of electrician held by plaintiff was "another office", which we do not decide, his motion for summary judgment cannot be allowed, unless it should be on the ground presently to be mentioned.

We also call to the parties' attention the requirement that to be an officer, one must not only have been appointed by the head of the department, a court of law, or the President, but he must also have been appointed to a position created by Congress. See Scully v. United States, 193 F. 185, 187, and Cain v. United States, D.C., 73 F.Supp. 1019.

Plaintiff's chief reliance is on the fact that he was employed and rendered the service for which he was paid under a mutual mistake of law, and that it is inequitable to have required him to repay it.

■ Where the public monies have been disbursed under an erroneous construction of a statute, it is the duty of the disbursing officers to recover it. Where they have done so and plaintiff seeks to get it back, he must show that he is entitled to it under a proper construction of the statute. This plaintiff

has not done. That it was paid to him under a mutual mistake as to what the law was does not establish his right to it. He cannot base his claim on ignorance of the law.

Plaintiff's motion for summary judgment is denied. However, on the facts before us, we cannot grant defendant's motion, unless we hold that the Dual Compensation Act was intended to prevent any employee of the United States, whether an officer or not, from holding two positions with the Government and drawing compensation from each, in the amount stated. We prefer to postpone a decision on this question until we have the full facts before us and the parties have briefed the question. Defendant's motion for summary judgment is also denied, but without prejudice. The case is remanded to the Commissioner for further proceedings.

JONES, Chief Judge, and DAVIS, DURFEE and LARAMORE, Judges, concur.