Littleton, Judge,
delivered the opinion of the court:
Plaintiff computes the amount of its claim of $782,545.54 by multiplying $175, claimed to be the amount which the Government obligated itself to expend for seeds and agricultural implements for a period of four years, by 4,549, as the number of heads of families claimed upon the basis of the Indian Agencies’ reports (finding 7) to have been engaged in agriculture in 1886, and deducts from- the amount of $796,075 thus obtained the amount of $13,529.46 appropriated by the Government under Art. 8 and expended during the years from 1874 to June 30, 1878.
The claim involved in this proceeding is the same in principle as the claim disallowed by the Court in The Sioux Tribe of Indians v. United States, C-531-(5), 86 C. Cls. 299 (certiorari denied, 306 U. S. 642), which involved the alleged failure of the United States to fulfill its alleged obligation to furnish cows and oxen under Art. 10 of the treaty of 1868. *38 For the reasons therein stated as to the insufficiency of the evidence to show the number of heads of families who had selected lands, received certificates therefor, and as to whom the agent was satisfied intended, in good faith, to commence cultivating the soil for a living, the present petition must be dismissed.
Art. 8 of the treaty was .not a continuing obligation of the Government, and we think a period of ten years over which the Secretary of the Interior held' the appropriation, total-ling $94,000 made, by Congress, for the purpose of purchasing seeds and agricultural implements for those Indians who selected lands and in good faith commenced farming for a living was a reasonable period of time.
In addition to the fact that the evidence submitted is not sufficient to justify the conclusion that the United States has violated the provisions of Art. 8, we are of opinion that the plaintiff tribe cannot maintain suit and recover on this character of claim for the reason that it is not a tribal claim but concerns the rights of and obligations to individual Indians, members of the Sioux Tribe. Price, et al. v. United States, 174 U. S. 373, 375; Blackfeather, et al. v. United States, 37 C. Cls. 233, affirmed in Blackfeather v. United States, 190 U. S. 368, 374, 375, 378. The Jurisdictional Act of June 3, 1920, 41 Stat. 738, authorizes plaintiff to institute suit in this court only for amounts claimed to be due such tribe or band, or bands thereof, as tribal claims. The jurisdictional act does not give the court jurisdiction to hear and determine the legal and equitable claims of individual Indians. Cherokee Nation v. United States, 80 C. Cls. 1, 3, 4.
The petition is dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.