Guy TAYLOR
v.
UNITED STATES.
No. 403–56.

United States Court of Claims.
July 16, 1958.

Roland D. Hartshorn, Washington, D. C., for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was George Cochran Douh, Asst. Atty. Gen., for defendant.

JONES, Chief Judge.

This case comes before the court on plaintiff's and defendant's motions for summary judgment. The plaintiff, a retired Regular Army master sergeant, sues for the difference between the retired pay of a master sergeant, which he now draws, and the disability retired pay of a captain which he claims is due him by reason of a physical disability incurred while serving on active duty with the Army.

The plaintiff first entered the Army as an enlisted man on March 29, 1927, and with the exception of short periods of time remained on active duty until May 31, 1948, when he was retired not by reason of physical disability in the grade of master sergeant. During the period September 5, 1942, to February 18, 1947, plaintiff served as a commissioned officer on active duty with the Army of the United States.[1] On November 14 1951, having been found physically fit for ac-

tive duty, plaintiff was recalled to the service as a master sergeant and served in such capacity until his release, not by reason of physical disability, on December 3, 1953. At that time he reverted to his former status as a retired master sergeant.

During his last period of active-duty service, plaintiff suffered attacks of bronchitis and so notified Army officials at the time of his 1953 separation and requested physical evaluation for possible disability retirement benefits. He was told by these officials, at the Separation Center, that because he had been previously retired he could not now be considered for disability retirement, but should seek compensation from the Veterans Administration. Accordingly, the plaintiff filed a claim for disability compensation with the Veterans Administration and was awarded a 30 percent disability rating from December 4, 1953, by reason of a service-connected disability.

Sometime in 1954 plaintiff made application to the Army Board for the Correction of Military Records, hereinafter referred to as the Correction Board, for a correction of his records to show retirement for physical disability at the time of his 1953 separation and entitlement to disability retirement pay. The Correction Board forwarded plaintiff's application to the Army Physical Review Council for comment and opinion. The council reviewed plaintiff's records, including those on file with the Veterans Administration, and concluded that "the evidence of record indicates that at the time of relief from active duty, 3 December 1953, this individual did not have a physical defect of sufficient degree to warrant his retirement for physical disability." Apparently as a result of this opinion of the Review Council, the Correction Board did not grant the plaintiff a hearing and denied his application for a correction of his military records.

It is the contention of the plaintiff that at the time of his 1953 release from ac-

---

[1]. Plaintiff still holds a Reserve commission although he has not served on extended active duty since 1947.

tive duty he was physically disabled to the extent of 30 percent or more in accordance with the standard schedule of ratings in current use by the Veterans Administration and therefore, under the provisions of section 402(d) of the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 272(d), was entitled to be retired for physical disability. Another string to plaintiff's bow is that, notwithstanding his claim for disability retirement pay, he is entitled as a matter of law to the retired pay of a captain pursuant to section 203(a) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1081.[2]

Section 402(d) of the Career Compensation Act provides in part:

" * * * That for any member who, for any reason, has been or hereafter may be retired * * * and who, while in such status, serves on active duty, and while so serving, incurs a physical disability of 30 per centum or more in accordance with the standard schedule of rating disabilities in current use by the Veterans' Administration * * * shall, if qualified therefor pursuant to this title, be entitled, on his return to a retired status * * *, to receive either (1) * * *, or (2) retirement pay or retired pay, as the case may be, as provided by any law in effect at the time of his retirement; * * *."

Had plaintiff at the time of his release from active duty on December 3, 1953, been found by the Army to have a 30 percent service-connected disability, then under the clear terms of the statute he would have been entitled to retirement under any law in effect at that time. In the plaintiff's case the most nearly applicable law is found in section 203(e) of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, supra,[3] which provides:

"Each enlisted man of the Regular Army or the Regular Air Force heretofore or hereafter retired under any provision of law, shall upon the completion of thirty years of service, to include the sum of his active service and his service on the retired list, be advanced to the highest temporary commission, warrant, or enlisted grade satisfactorily held by him while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946, and shall receive retirement pay at the rate prescribed by law for his length of service at the time of retirement but based upon such higher temporary rank or grade: *Provided,* That any enlisted man heretofore or hereafter retired for disability incident to service, if entitled to advanced retired grade and increased retired pay under the provisions of this title, shall receive such advanced grade and increased pay effective upon the enactment of this Act or upon his retirement, whichever is later."

The highest grade held by the plaintiff between September 9, 1940, and June 30, 1946, was that of captain. He has not completed 30 years' service on active duty or the retired list, but if he had been found 30 percent disabled at the time of his 1953 release and if his service as captain had been satisfactory, there seems little question that he would be entitled to the increased pay based upon the difference between the retired pay of a captain and that of a master sergeant. The issue with respect to disability retired pay, therefore, involves only the question of whether or not plaintiff should have been found physically disabled to the extent of 30 percent at the time of his release from active duty and reversion to a retired enlisted status.

■ This court has many times held that it is for the Army to determine

<hr/>

2. Now 10 U.S.C.A. §§ 3991, 8991.

3. Now 10 U.S.C.A. §§ 3964, 3992, 8964, 8992.

who is physically fit or unfit to serve and that this court will not undertake to make such a determination even where there is a Veterans Administration award of disability compensation. Wales v. United States, 130 F.Supp. 900, 132 Ct.Cl. 765; Beamish v. United States, 128 F.Supp. 158, 130 Ct.Cl. 767; and Holliday v. United States, 128 Ct.Cl. 647. Plaintiff does not attack the correctness of these decisions, but maintains that they do not apply to his case because he was not properly examined for purposes of determining his entitlement to disability retirement. It is true that the officials at the Separation Center erroneously stated the law with respect to disability retirement, but they nonetheless gave plaintiff a final-type physical examination which resulted in his being found fit for active duty. This examination together with all other medical records of the plaintiff, including the Veterans Administration evaluation, was before the Correction Board. That board with the authority to order plaintiff's records corrected to show retirement for physical disability decided adversely to the plaintiff.

However, since plaintiff had been misled at the time of his separation in 1953 and consequently had not at that time been considered for disability retirement, the court on December 4, 1957, entered an order temporarily suspending further proceedings. This action was taken in order that plaintiff might appear before an Army Medical Board for the purpose of having a determination made by such board as to the extent and severity of his chronic bronchitis as of December 3, 1953, and that the possible eligibility for disability retirement as of that date might be determined.

Plaintiff appeared before such a board and the board, after an examination and consideration of the record, on March 15, 1958, found that plaintiff "is now and was at the time of separation from the military service fit for general military duty."

■■ Only upon a showing of arbitrary and capricious action in such a situation can this court step in and grant disability retirement pay. Furlong v. United States, Ct.Cl.1957, 152 F.Supp. 238, and Rosnick v. United States, 1955, 132 F.Supp. 478, 132 Ct.Cl. 1. There is, however, nothing that would lead us to such a conclusion. At no time was plaintiff ever found by the Army to be unfit for active duty and only the Veterans Administration determined him to be suffering from a service-connected disability. Based upon such a record, it would be impossible to say that either the Army or the Correction Board was arbitrary in denying plaintiff's application.

■ Plaintiff next contends that should we decide that no basis exists for allowing increased retirement pay by reason of physical disability he nevertheless is entitled under section 203(a) of the Army and Air Force Vitalization and Retirement Equalization Act to such increase. Section 203(a) provides:

"Each commissioned officer of the Regular Army or of any reserve component of the Army of the United States, and each commissioned officer of the Regular Air Force or of any reserve component of the Air Force of the United States, heretofore or hereafter retired or granted retirement pay under any provision of law shall be advanced on the applicable officers' retired list to the highest temporary grade in which he served satisfactorily for not less than six months while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946, and shall receive retired pay at the rate prescribed by law, computed on the basis of the base and longevity pay which he would receive if serving on active duty in such higher grade: *Provided,* That retired pay of such highest grade shall be without credit for service on the retired list."

Plaintiff says that at the time of his second retirement he was a commissioned officer in the Reserve, although not serv-

ing on active duty as such, and is therefore entitled to the benefits of section 203(a). Again, we are unable to agree with the plaintiff. Section 203(a) provides for the advancement on the retired list of certain qualified *officers* theretofore or thereafter retired. This advancement is limited by its very words to individuals who *are retired* as officers. That this is manifestly clear is shown by section 203(e) of the same act [quoted supra], which provides that retired enlisted men shall be advanced to their highest commissioned rank *only* upon completion of 30 years' active and retired service or upon being found physically disabled as a result of active duty. The fact that plaintiff has held, and still holds, a Reserve commission does not entitle him to advancement on the retired list until he has completed the required 30 years' service, since he was retired as an enlisted man and not an officer.

Plaintiff's motion for summary judgment is denied and defendant's motion granted. Plaintiff's petition will be dismissed.

It is so ordered.

FAHY, Circuit Judge, sitting by designation; MADDEN, WHITAKER, and LITTLETON, Judges, concur.