WhitakeR, Judge,
delivered the opinion of the court:
In this action, arising on cross-motions for summary judgment, plaintiff seeks to recover retired pay based upon 75 percent of the basic pay of a lieutenant in the Navy, to which he claims he is entitled under the provisions of section 412(a) of the Officer Personnel Act of 1947, 61 Stat. 874.
Plaintiff first enlisted in the Regular Navy on September 20,1915. He served as an enlisted man until March 15,1931, at which time he ivas transferred to inactive status in the Fleet Naval Reserve. During this active enlisted service *185 plaintiff was specially cited for extraordinary heroism in actual combat by the Secretary of the Navy.
Plaintiff was recalled to active duty on November 4, 1940, and served until May 20, 1946, when he was released from active duty and, having had 30 years’ active and inactive service, he was placed on the retired list, effective June 1, 1946. At the time of his release from active duty, he was serving in the temporary grade of lieutenant, to which he had been appointed under the provisions of the Act of July 24,1941, 55 Stat. 603. Upon release, his temporary appointment to lieutenant was terminated and he reverted to his permanent enlisted status in the Fleet Beserve.[1] On June 1, 1946 he was advanced on the retired list to the rank of lieutenant.[2]
On December 3, 1959, plaintiff applied to the Board for Correction of Naval Becords seeking advancement on the retired list to the rank of lieutenant commander under the provisions of section 30 of the Act of March 4,1925, 43 Stat. 1279, and section 412(a) of the Officer Personnel Act of 1947, supra. The Board for Correction of Naval Becords requested an opinion from the Judge Advocate General of the Navy as to whether the requested relief could be granted as a matter of law, to which the Judge Advocate General replied in the affirmative, notwithstanding a prior opinion of the Comptroller General to the contrary.[3] By memorandum dated October 31, 1960, the Correction Board recommended the correction of plaintiff’s records to show his advancement on the retired list under section 412(a), supra, which was approved by the Secretary on November 9, 1960. Plaintiff was advised by the Chief of Naval Personnel that his records had been changed to reflect the approved decision of the Correction Board.
However, when plaintiff presented his claim to the Navy Finance Center, he was advised, by letter dated August 25, 1961, that in Decision B-107760 of August 2,1961 the Comptroller General had held that, notwithstanding the action of *186 the Correction Board, plaintiff was not entitled to retired pay computed under section 412(a) of the Officer Personnel Act of 1947. On December 4, 1961 plaintiff brought this action.
Since Congress has made the statute of limitations jurisdictional in this court, we initially consider the Government’s argument that plaintiff’s claim first accrued on August 7, 1947 (the effective date of the Officer Personnel Act), and his failure to bring suit within six years from that date results in a bar of his claim under 28 U.S.C. 2501. Inasmuch as this claim is based upon a statute giving the right to a special computation of retirement pay to those who qualify thereunder, without requiring the interposition of any board, we regard it as falling within the “continuing claim” doctrine. Under this theory, periodic pay claims accruing within the six years prior to suit are not barred, although the administrative failure or refusal to pay the amount claimed and the enactment of the statute giving rise to the claim were prior to the six-year span. Where payments are to be made periodically, as here, each failure to make a proper payment gives rise to a new cause of action. Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381, cert. denied in Lipp v. United States, 373 U.S. 932; Odell v. United States, 134 Ct. Cl. 634; Gordon v. United States, 134 Ct. Cl. 840. For the purposes of the statute of limitations, we hold that plaintiff’s petition, filed December 4, 1961, is timely only for the period beginning December 4, 1955, to date of judgment.
Plaintiff’s claim is founded on the approved decision of the Board for Correction of Naval Records, whereby plaintiff’s records were corrected to show that he was advanced on the retired list to the rank of lieutenant commander, pursuant to section 412(a) of the Officer Personnel Act. Plaintiff says this decision is binding and entitles him to retired pay computed on the basis of three-fourths of the active duty pay he was receiving at the time of his retirement.
The Government says that only the facts found by the Correction Board are final, but that its determination that these facts entitle a person to the benefit of a certain statute is not final, since this requires the interpretation of a statute, and, hence, is a question of law. We agree. Haislip v. United States, 152 Ct. Cl. 339, 296 F. 2d 469.
*187 We, therefore, direct our inquiry to whether or not plaintiff is entitled to receive retirement pay in accordance with section 412(a), which provides:
All officers of the Navy, Marine Corps, and the Reserve components thereof, who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired * * * shall, upon retirement, be placed upon the retired list with the rank of the next higher grade than that in which serving at the time of retirement and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement and the grade in which serving at the time of retirement shall be construed to mean the highest grade in which so serving whether by virtue of permanent or temporary appointment therein * :: *. That officers of the classes described in this subsection who have been retired prior to the date of approval of tliis Act shall be entitled to the benefits of this subsection from the date of approval of this Act * * *.
Under plaintiff’s interpretation of this statute, any enlisted man, cited for extraordinary heroism in battle, who was later recalled to active duty and ultimately received a temporary promotion to officer rank would be entitled to the benefits of the statute, whether he retired as an officer or as an enlisted man.
Although this specific statute has not been presented for our consideration heretofore, we have construed various statutes of similar nature, where the case turned upon whether Congress intended that such statute apply only to officers, retired as such. Jones v. United States, supra; Taylor v. United States, 143 Ct. Cl. 125, 163 F. Supp. 652. In the Jones case we construed paragraph 4, section 15, of the Pay Readjustment Act of 1942,[4] which provides:
The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12,1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be *188 75 per centum of his active duty pay at the time of his retirement.
It was our determination that the “sine qua non of the benefits of that portion of the 1942 Act is retirement as an officer since the statute speaks of officers ‘hereafter retired’ ”, and plaintiff, having been retired as an enlisted man, could not bring himself within the purview of that statute.
In the Taylor case, supra, we construed section 203(a) of the Army and Air Force Vitalization and Ketirement Equalization Act of 1948,[5] which provides for the advancement on the retired list of certain qualified officers theretofore or thereafter retired. We expressed the opinion that the wording of the statute clearly made it applicable only to officers, retired as such. (Cf. Seastrom v. United States, 147 Ct. Cl. 453, 177 F. Supp. 948; Jahway v. United States, 146 Ct. Cl. 482, 178 F. Supp. 307.
The statute now before us contains the wording “all officers * * * shall, upon retirement” and “officers * * * who have been retired prior to the date of approval of this Act * * This language varies only slightly from that used in the statutes we have discussed, and in our opinion should be construed in like manner. It seems obvious to us and we hold that section 412(a) was intended by Congress to apply only to officers who were retired as officers. That plaintiff was retired as an enlisted man pursuant to the Naval Keserve Act of 1938, as amended, supra, and subsequently advanced on the retired list to the rank of lieutenant under the provisions of section 10 of the Act of July 24,1941, as amended, supra, does not bring him within the provisions of section 412(a) of the Officer Personnel Act of 1947, supra.
Defendant’s motion for summary judgment is granted. Plaintiff’s motion for summary judgment is denied, and his petition is dismissed.
Davis, Judge; Durfee, Judge; Laramore, Judge; and Jones, Chief Judge, concur.

 Jones v. United States, 151 Ct. Cl. 119, 282 F. 2d 906, cert. den. 365 U.S. 880.

 Section 10 of the Act ol July 24, 1941, as amended by section 8(a) of the Act of February 21, 1946, 60 Stat. 28.

 31 Comp. Gen. 54.

 56 Stat. 359, 368.

 62 Stat. 1081.