423 F.2d 380
 Nathaniel A. FIELDS, To his own Use and To the Uses of Martha Foster, Sallie Foster, Florence Foster, and Frank Foster, Heirs of Abe W. Foster, a/k/a Abe Foster, Creek Indian, Deceased
v.
The UNITED STATES.
 No. 71-69.
 United States Court of Claims.
 March 20, 1970.
 
 Ernest C. Dickson, Washington, D. C., attorney of record, for plaintiffs.
 David W. Miller, Washington, D. C., with whom was Asst. Atty. Gen., Shiro Kashiwa, for defendant.
 Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.
 ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 PER CURIAM:
 
 
 1
 This is a suit by Nathaniel A. Fields, to his own use, and to the uses of Martha Foster, Sallie Foster, Florence Foster, and Frank Foster to recover certain oil and gas rents and royalties in the total amount of $3,100,000 allegedly held by the Secretary of the Interior. Nathaniel A. Fields states that he is a necessary party to this action as the result of a power of attorney executed by one Abe W. Foster on September 7, 1934, empowering said plaintiff to act in his behalf. The other four plaintiffs all claim to be the children of Abe W. Foster, thus entitling them, as heirs, to the income from the property held by Foster at his death.
 
 
 2
 This case is before this court on defendant's motion for summary judgment on the grounds that the petition fails to state a claim upon which relief can be granted; that this court lacks jurisdiction of the subject matter; and that plaintiffs' claims are barred by the statute of limitations. For reasons hereinafter stated, defendant's motions for summary judgment is denied without prejudice and action on plaintiffs' petition is suspended pending a determination of certain issues in the Oklahoma State courts. Before proceeding to a discussion of our reasons for the abovestated action, it is necessary to give a full statement of the facts, which are in such great dispute that the versions of both sides will be presented in full.
 
 
 3
 Plaintiffs allege in their petition that they are the children of Abe W. Foster, a 7/8 Creek Indian (Roll No. 2292), as the result of his marriage in 1891 to Georgie Garian, also a Creek Indian. They further allege that Abe Foster was the surviving heir of Sallie Foster (Roll No. 2293), his mother, and Lucy Foster (Roll No. 6238), another wife. All three (Sallie, Lucy, and Abe) had each been allotted 160 acres of land in 1903 as the result of an act of Congress on March 1, 1901,[1] providing for the allocation of 160 acres of land to each member of the Muskogee Creek Tribe of Indians. Plaintiffs contend that Abe Foster died in 1955, and, therefore, as his only surviving heirs, they are entitled to the benefits from his property, consisting of his original 160 acres plus the 320 acres which he inherited from Sallie and Lucy Foster. Plaintiffs further contend that the benefits to which they are entitled are the oil and gas rents and royalties held by the Secretary of the Interior for the benefit of Abe Foster or his heirs. They claim that, since 1932, oil and gas leases have been executed by the Secretary of the Interior with respect to these three tracts of land held by Abe Foster. One of the leases was executed in 1946 with the Gulf Oil Company and another was with the Texas Oil Company. Both leases were for 10 years and thereafter as long as oil and gas should be produced thereon. The total amount of rents and royalties which have accumulated under these leases is alleged to be $3,100,000, which has been converted into United States Registered Bonds by the Secretary of the Interior.
 
 
 4
 Defendant's version of the facts is quite different. The Government claims, first of all, that Abe W. Foster died in 1910 and not 1955, and, secondly, that he was impotent and thus incapable of producing children. To support these claims, defendant includes a Proof of Heirship by Annie D. Wisner, a half-sister of Abe Foster, showing that he died on November 9, 1910. Defendant also includes an affidavit dated October 4, 1915, by Abe Foster's mother, Sallie Foster, that her son was impotent. Since Abe Foster died in 1910, defendant contends that it was impossible for him to have been the heir to Lucy and Sallie Foster since the records clearly show that Lucy Foster died on June 22, 1913, and Sallie Foster died on October 28, 1919. In addition, defendant denies the execution of any oil and gas leases with respect to the properties in question. In fact, defendant asserts, as the result of an affidavit filed by Fred H. Massey, Acting Commissioner of Indian Affairs, that no supervision has been exercised over Abe Foster's alleged lands by the Government since 1930, and that no money is now being held by defendant for the benefit of the original allottees or their heirs as the result of oil and gas leases. Defendant does admit that Abe Foster and his mother and wife were allotted 160 acres of land in 1901 exactly as plaintiffs claim.
 
 
 5
 There are a couple of other points which should be noted in respect to the conflict between plaintiffs and defendant over whether Abe Foster died in 1910 or 1955. Included in the record of this case is a letter from the Clerk for the United States District Court for the Eastern District of Oklahoma to Nathaniel A. Fields, referring to an indictment filed November 12, 1915, against one Oscar Aben, alias Abe W. Foster, for filing a false claim against the United States. This case was dismissed in 1920. In addition, the Government also includes in its appendix to its motion for summary judgment a letter from a superintendent of Indian Affairs, dated February 19, 1931, to Susie Mills Foster (Lucy Foster's daughter) stating that a man had appeared several times in one of the Indian Affairs offices claiming that he was Abe W. Foster. Both of these incidents offer support to plaintiffs' case in that they indicate that Abe Foster might not have died in 1910.
 
 
 6
 Since this case is before this court on defendant's motion for summary judgment, we must make our decision on that set of facts presented by plaintiffs' pleadings. We will assume, therefore, for purposes of this motion that the four plaintiffs are the children of Abe Foster; that he died in 1955; and that the Department of the Interior has been receiving rents and royalties for the benefit of Abe Foster or his heirs through certain oil and gas leases.
 
 
 7
 Defendant's first argument is that this court does not have jurisdiction of the subject matter. Plaintiffs contend that this court has jurisdiction as the result of 28 U.S.C. § 1505 (1964), which gives the Court of Claims jurisdiction over any claim against the United States in favor of any "tribe, band, or other identifiable group of American Indians * * *." However, since the instant case is one brought by individual Indians and not a tribe, band, or identifiable group of Indians, we feel that defendant is correct in asserting that section 1505 does not apply to the present case. Cherokee Freedmen v. United States, 161 Ct.Cl. 787 (1963); Sioux Tribe of Indians v. United States, 89 Ct. Cl. 31 (1939). Nevertheless, we find that this court does have jurisdiction over the present action as the result of 28 U.S.C. § 1491 (1964), which provides in part that this court shall have jurisdiction of any claim against the United States founded upon any express or implied contract. Certainly, it would appear that if the Government was holding the funds in question as alleged by plaintiffs, they would be held under an implied contract by defendant to pay the same to plaintiffs upon demand. In addition, plaintiffs are basing their suit partly on several acts of Congress, such as the Act of March 1, 1901, ch. 676, 31 Stat. 861, and the Treaty with the Creek Nation of Indians, June 14, 1866, art. I, 14 Stat. 785. As a result we would also have jurisdiction under another part of 28 U.S.C. § 1491 (1964).
 
 
 8
 In regard to defendant's argument that the statute of limitations has run, it must first be determined when plaintiffs' cause of action accrued. We could rule that the claim did not accrue until the Government stopped collecting rents and royalties on the land, but this is a point left unanswered by the pleadings. The best answer appears to be that the cause of action accrued in 1955 when Abe Foster supposedly died. On this date, the land in question would automatically have become unrestricted since it would pass to other than full-blooded Indians, and, as a result, the jurisdiction of the Department of the Interior over the land would have ceased.[2] Any further exercise of control over the land by the Department would have been unlawful. Thus, on this date plaintiffs' cause of action against the Government for rents and royalties would have accrued. Since under 25 U.S.C. § 347 (1964)[3] the Oklahoma statute of limitations, which in this case is 15 years,[4] would have to apply, the plaintiffs' claim would be timely since filed before 1970.[5] Thus, we cannot dismiss the petition based on a violation of the statute of limitations.[6]
 
 
 9
 Defendant next contends, and we think rightly so, that even should this court determine that it has jurisdiction over the subject matter and that the statute of limitations has not run, nevertheless, it would be improper for this court to accept jurisdiction since there is a statute conferring exclusive jurisdiction to determine questions of heirship among the allottees of the Five Civilized Tribes of Indians in the Oklahoma State courts.[7] We feel that the first questions which must be resolved in this case are when Abe Foster died and who his heirs are. Therefore, in compliance with the abovementioned statute and in the best interests of justice, we find that this case should first be carried by the plaintiffs to an Oklahoma State court for a determination of the question of heirship. In accordance therewith, defendant's motion for summary judgment is hereby denied without prejudice, and all proceedings in this case are suspended pending final determination of any action brought by plaintiffs on the question of heirship in the Oklahoma State courts.
 
 
 
 Notes:
 
 
 [1]
 Act of March 1, 1901, ch. 676, 31 Stat. 861
 
 
 [2]
 Act of May 27, 1908, ch. 199, § 9, 35 Stat. 312
 
 
 [3]
 The statute provides:
 "In all actions brought in any State court or United States court by any patentee, his heirs, grantees, or any person claiming under such patentee, for the possession or rents or profits of lands patented in severalty to the members of any tribe of Indians under any treaty between it and the United States of America * * * the statutes of limitations of the States in which said land is situate shall be held to apply * * *."
 
 
 [4]
 12 Okl.Code Ann. § 93(4) (1961)
 
 
 [5]
 Plaintiffs' petition was filed on February 7, 1969
 
 
 [6]
 We likewise cannot dismiss plaintiffs' petition based on defendant's other two arguments, namely, that the petition fails to state a claim upon which relief can be granted and that the petition seeks a form of equitable relief which this court cannot grant. We hold that both contentions are totally without merit and therefore incapable of supporting defendant's motion for summary judgment
 
 
 [7]
 Act of Aug. 4, 1947, Pub.L. No. 336, § 3(a), 61 Stat. 732, provides:
 "The State courts of Oklahoma shall have exclusive jurisdiction of all guardianship matters affecting Indians of the Five Civilized Tribes, of all proceedings to administer estates or to probate the wills of deceased Indians of the Five Civilized Tribes, and of all actions to determine heirs arising under section 1 of the Act of June 14, 1918 (40 Stat. 606)."
 Also 25 U.S.C. § 375 (1964) provides in part:
 "A determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes of Indians who may die or may have heretofore died, leaving restricted heirs, by the probate court of the State of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said State for the determination of heirship in closing up the estates of deceased persons, shall be conclusive of said question * * *."