NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHARON CLOUD,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1219

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00335-RHH, Senior Judge Robert H. Hodges, Jr.

---

Decided: April 12, 2019

---

SHARON CLOUD, Marquette, KS, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Sharon Cloud appeals the United States Court of Federal Claims (Claims Court) dismissal of her amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. We *affirm*.

BACKGROUND

In her original complaint, Ms. Cloud alleged that she was evicted from her land unlawfully under the "1845 incorporation of the Republic of Texas into the United States of America." J.A. 1. Defendant, the United States (Government), moved to dismiss the complaint.

Ms. Cloud then filed a one-paragraph Amended Complaint. In the Amended Complaint, Ms. Cloud alleged that she is "a Native American who inherited land from her ancestor[s]." J.A. 15. She further alleged that the United States has a "federal Indian trust responsibility," specifically an obligation "to protect tribal treaty rights, lands, assets, and resources." J.A. 15–16. Under that obligation, Ms. Cloud alleged that the "federal government holds title to the land in trust on behalf of the tribe, which Plaintiff comes to claim." J.A. 16. Ms. Cloud concluded by asking the Claims Court to "[c]arry out the mandates of federal law that is owed to Plaintiff" under "Indian treaties" and "federal Indian law." J.A. 17.

Based on the facts alleged and references to federal Indian law and treaties in the Amended Complaint, the Claims Court understood Ms. Cloud to be alleging a claim under the Indian Tucker Act. The Indian Tucker Act grants the Claims Court jurisdiction over claims by American Indian tribes against the Government. 28 U.S.C. § 1505. Such claims must be based on a separate source of law that allows recovery of money damages. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). Further, any trust obligations between the Government and Native

Americans are governed by statute or regulation rather than common law. *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 173–74 (2011) (citing *United States v. Navajo Nation*, 537 U.S. 488, 506 (2003)).

The Government filed a motion to dismiss Ms. Cloud's Amended Complaint. In her response to that motion, Ms. Cloud added that she held "[a]llodial title to land," that the Land Patent was issued to her ancestor in 1845, and that she became an assignee of the land in 2017. J.A. 2.

The Claims Court granted the Government's second motion to dismiss on two grounds. First, the Claims Court found that it lacked subject matter jurisdiction because Ms. Cloud failed to: (1) identify a constitutional, statutory, or regulatory provision mandating payment of monetary damages under which her trust claims arose, and (2) identify herself as a representative of a tribe, which is fatal to her case because individuals may not bring claims under the Indian Tucker Act. J.A. 3 (citing *Fields v. United States*, 423 F.2d 380, 383 (Ct. Cl. 1970)). Second, the Claims Court found that Ms. Cloud failed to state a claim upon which relief can be granted because: (1) Ms. Cloud's Amended Complaint only asked the court to "carry out the mandates of federal law that is owed to [her]," which the Claims Court found to be vague, and (2) the Claims Court found that Ms. Cloud did not otherwise articulate what remedy she seeks, "much less a cause of action." J.A. 4.

Ms. Cloud appeals the Claims Court's dismissal to this court, but in her appellate brief, her legal theory appears to have shifted to a takings claim. She asserts that she "had her real property taken," and that during her eviction, "personal property was also lost and/or damage[d] including her 2014 Toyota Camry." Informal. Br. at 1. Ms. Cloud argues that the Claims Court did not apply the Fifth Amendment's Takings Clause, which she states does not allow "private property [to] be taken for public use without Just Compensation," and asks this court to "[e]nforce the

Fifth Amendment of the United States Constitution" by giving her "Fair Compensation decided by this court." *Id.* Significantly, Ms. Cloud does not mention her status as a Native American or the Government's federal Indian trust responsibility in her appellate brief.

We have jurisdiction over Ms. Cloud's appeal under 28 U.S.C. § 1295(a)(3).

DISCUSSION

This court reviews dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted *de novo*. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

To the extent Ms. Cloud is appealing the Claims Court's dismissal of her claim arising under the Indian Tucker Act, we agree with the Claims Court that neither the facts asserted in her Amended Complaint, nor the facts she adds on appeal, establish subject matter jurisdiction. Ms. Cloud raises her claim as an individual, rather than as a representative of an Indian tribe. The Indian Tucker Act extends the jurisdiction of the Claims Court to any claim against the United States accrued after August 13, 1946 brought by "any tribe, band, or other identifiable group of American Indians." 28 U.S.C. § 1505 (2017). Here, Ms. Cloud has not alleged that she is representing "a group of American Indians," and an individual may not bring such claims under § 1505. *Fields*, 423 F.2d at 383.

Further, Ms. Cloud identifies no statutory basis for her Indian Tucker Act claim. Such claims must be based on a separate source of law that allows recovery of money damages. *Mitchell*, 463 U.S. at 216–17. Ms. Cloud's alleged source of law in her Amended Complaint is the "federal Indian trust responsibility" of the United States. J.A. 15. But trust obligations between the Government and Native Americans must be based on "specific rights-creating or duty-imposing statutory or regulatory prescriptions,"

rather than common law. *Navajo Nation*, 537 U.S. at 506; *see also Jicarilla Apache Nation*, 564 U.S. at 173–74. Ms. Cloud identifies no statute or regulation that gives rise to trust obligations that were allegedly violated here.

Separately, Ms. Cloud raises a Fifth Amendment takings claim for the first time on appeal. Since that claim was not part of the Amended Complaint dismissed by the Claims Court, we do not address its merits.

Accordingly, we find no error in the Claims Court's dismissal of Ms. Cloud's Amended Complaint. We have considered Ms. Cloud's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.