CW2 (Ret.) Barmore DUNCAN, CW2 (Ret.) Steven A. Gardner, CW2 (Ret.) Edward Y. Hall, CW2 (Ret.) Harvey W. Riley, CW2 (Ret.) Walter W. Welch, III, and CW2 (Ret.) Roger D. Winslow, Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 661–85C, 462–86C.

United States Claims Court.

Nov. 13, 1990.

Neil F. McCarron, Jr., Bedford, Mass., for plaintiffs.

John S. Groat, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, and Director David M. Cohen, for defendant.

OPINION

HORN, Judge.

These military pay cases [1] are before the Court on defendant's Motions to Dismiss, pursuant to the Rules of the United States Claims Court (RUSCC) 12(b)(4). Defendant asserts that plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs opposed defendant's Motions to Dismiss and moved, alternatively, for summary judgment on the merits, or to go forward with the proceedings.

Plaintiffs retired in the grade of Chief Warrant Officer Two, after active military service careers in excess of twenty accrued years in the regular and reserve Army. Plaintiffs seek retirement in the higher grade of Major, or in the case of plaintiff Hall, apparently in the grade of Lieutenant, the highest temporary commissioned grade in which they satisfactorily served. Defendant contends that the Court comprehensively addressed and rejected plaintiffs' various arguments in *McCarron v. United States*, 12 Cl.Ct. 582 (1987), *aff'd per curiam*, 846 F.2d 78 (Fed.Cir.1988), *cert. denied*, 488 U.S. 853, 109 S.Ct. 138, 102 L.Ed.2d 111 (1988). Defendant, therefore, maintains that this Court's decision in *McCarron* is dispositive of the present Complaints and Motions and, as a result, that plaintiffs have not stated a claim upon which relief can be granted.

Based upon a review of the extensive submissions of the plaintiffs, the responses filed by the defendant, and the oral argu-

---

1. The plaintiffs in the *Duncan, et al.* proceeding are CW2 (Ret.) Barmore Duncan, Jr., CW2 (Ret.) Steven A. Gardner, CW2 (Ret.) Edward Y. Hall, Sr., CW2 (Ret.) Harvey W. Riley, and CW2 (Ret.) Walter W. Welch, III. CW2 (Ret.) Roger D. Winslow, plaintiff in a related case, presents the Court with the same issues.

ment held in these cases, this Court can find no basis upon which to distinguish the plaintiffs' Complaints in these actions from its holding in *McCarron*. The Court, therefore, concludes that *McCarron* is controlling authority. Defendant's Motions to Dismiss in *Duncan, et al. v. United States* and *Winslow v. United States*, are, therefore, GRANTED.

## BACKGROUND

Plaintiffs are former United States Army officers who were retired in the grade of Chief Warrant Officer Two ("CW2"), after completing more than twenty years of active military service. Plaintiffs held this grade on the day of their respective retirements, which occurred between the years 1978 and 1982. Prior to their retirement, plaintiffs had each served on active duty in a higher commissioned officer grade for over 15 years. Plaintiffs, Duncan, Gardner, Riley, Welch and Winslow, were twice passed over for promotion from the grade of Major to the grade of Lieutenant Colonel. These individuals all served for over 16 years as commissioned officers. All had held and served in the permanent commissioned officer grade of Major for more than seven years. Plaintiff Edward Y. Hall was twice not selected for promotion to the regular Army grade of Major.[2] Following these two non-selections, each plaintiff voluntarily accepted an appointment as a CW2 in order to remain on active duty and to complete twenty years of service. The plaintiffs each served their final years

of service in the Army in the grade of CW2.[3]

Plaintiffs, Barmore Duncan, Jr., Steven A. Gardner, Edward Y. Hall, Sr., Harvey W. Riley, and Walter W. Welch, III, commenced this action on November 12, 1985 and, in accordance with Rule 77(f)(2) of the Rules of the United States Claims Court, plaintiffs notified the Court of the related pending action in *McCarron*. Plaintiff, Roger D. Winslow, filed his Complaint and filed a "Notice of Related Cases," on July 28, 1986, citing *McCarron* and *Duncan, et al.* The parties agree that all three cases, *Duncan, et al.*, *Winslow*, and *McCarron*, and the multiple plaintiffs included therein, present substantially identical questions for determination by this Court.

The multiple complainants in *Duncan, et al.*, and the complainant in *Winslow*, seek this Court's review of the Secretary of the Army's decision to deny plaintiffs' advancement to the highest grade in which they satisfactorily served because plaintiffs had not completed thirty years of total service, which the Army found was required by 10 U.S.C. § 3964 (1976). Plaintiffs further contend that the Secretary failed to give proper recognition to plaintiffs' many years of service in a higher commissioned grade and failed to apply available provisions of law which would entitle them, after twenty years of service, to retirement in the higher grade of Major, and in Mr. Hall's case, the grade of Lieutenant.

This Court granted "Plaintiffs' Motion to Suspend Proceedings" pending decision by the United States Court of Appeals for the

**2.** Plaintiff Hall served for 15 years, 1 month, and 4 days, as a commissioned officer, and for 4 years and 11 months working as a CW2. From the less than clear filings by his attorney, Mr. McCarron, on behalf of plaintiff Hall, this Court can only infer that Mr. Hall served in the grade of Lieutenant prior to his appointment as a CW2. There is no indication in the record as to how long he served in the grade of Lieutenant.

**3.** Barmore Duncan, Jr. served as a commissioned officer for 17 years, 3 months and 12 days, and then as a warrant officer for 3 years. Steven A. Gardner served as a commissioned officer for 16 years, 8 months and 8 days, and then as a warrant officer for 4 years. Harvey W. Riley served as a commissioned officer for 16 years, 1 month and 4 days, and then as a

warrant officer for 3 years and 1 month. Walter W. Welch, III served as a commissioned officer for 16 years, 6 months and 4 days and then as a warrant officer for 3 years and 6 months. Plaintiff, Roger D. Winslow, after serving for over 16 years as a commissioned officer, was twice passed over for promotions in 1976. Like the other plaintiffs, he then requested, was offered, and accepted, an appointment as Chief Warrant Officer (CW2). Winslow served as a CW2 for his final 3 years and 9 months in the United States Army. Mr. McCarron's filings in this Court, as counsel for the instant plaintiffs, do not indicate the specific dates of any of the plaintiffs' service, nor does he provide this Court with the rank of Edward Y. Hall, at the time he accepted CW2 status.

Federal Circuit in *McCarron*. The United States Court of Appeals for the Federal Circuit, in an unpublished opinion, affirmed this Court's decision in *McCarron* on March 28, 1988. *McCarron v. United States*, 846 F.2d 78 (Fed.Cir.1988). Plaintiffs then filed a motion to suspend the proceedings to cover the period in which a request for rehearing or a petition for Certiorari could be filed in the *McCarron* case. The proceedings were suspended and the Court awaited the outcome of plaintiff McCarron's Petition for Certiorari to the United States Supreme Court, which was denied. *McCarron v. United States*, 488 U.S. 853, 109 S.Ct. 138, 102 L.Ed.2d 111 (1988).

Shortly thereafter, defendant filed Motions to Dismiss, in both *Duncan, et al.* and *Winslow* on November 17, 1988 and December 13, 1988, respectively. Plaintiffs responded on December 19, 1988 and January 26, 1989. In their responses, plaintiffs asserted, for the first time, allegations of bad faith on the part of the government. Defendant responded, in *Duncan, et al.*, on February 8, 1989. Oral argument was held on August 9, 1989 on all the related issues included in *Duncan, et al.* and *Winslow*, after which the plaintiffs filed a memorandum in both cases on August 16, 1989. Defendant responded in *Duncan, et al.* on September 1, 1989. Finally, plaintiffs filed a supplemental memorandum in both cases on October 2, 1989. A corrected copy of the transcript of the August 9, 1989 proceedings was filed on January 30, 1990.

Defendant, in its Motions to Dismiss, contends that the issues in the instant cases are the same as those presented in *McCarron* and that plaintiffs' theories of recovery have already been addressed and rejected by this Court in *McCarron*, 12

Cl.Ct. at 584. Moreover, this Court's decision has been reviewed by the appellate courts, which have upheld the Claims Court's determination that the language of 10 U.S.C. § 3964 (1976) did not entitle plaintiff to the relief sought. 12 Cl.Ct. at 582 (1987), *aff'd per curiam*, 846 F.2d 78 (Fed. Cir), *cert. denied*, 488 U.S. 853, 109 S.Ct. 138, 102 L.Ed.2d 111 (1988). Defendant, therefore, asserts that plaintiffs have failed to state a claim upon which relief can be granted and that plaintiffs' lawsuits should be dismissed.

For the first time, in motions opposing defendant's Motions to Dismiss, plaintiffs asserted that the arguments advanced by the defendant in *McCarron* were made in bad faith, and were erroneously relied on by this Court. In *McCarron*, the defendant argued, and this Court agreed, that 10 U.S.C. § 3911 (1976) did not apply to warrant officers.[4] Plaintiffs contend that the defendant's argument in *McCarron* was advanced in bad faith because defendant was on notice that 10 U.S.C. § 3911 and its predecessor, 10 U.S.C. § 943(a) (1952), applied to warrant officers.[5] Plaintiffs assert that defendant required its warrant officers to satisfy the time in service requirement of these statutes and have not only twenty years of total Army service, but also ten years of service as a warrant officer, in order to be retired as a warrant officer upon the completion of twenty years of service. Plaintiffs contend that this Court's holding in *McCarron*, that 10 U.S.C. § 3964, and not 10 U.S.C. § 3911, applied to warrant officers who retired between 1978 and 1982, was not only erroneous, but was offered in bad faith. As to plaintiffs' bad faith argument, the defendant rejects the allegations and points out

---

**4.** 10 U.S.C. § 3911 (1976) provides the following:

The Secretary of the Army may, upon the officer's request, retire a regular or reserve commissioned officer of the Army who has at least 20 years of service computed under section 3926 of this title, at least 10 years of which have been active service as a commissioned officer.

**5.** 10 U.S.C. § 943(a) (1952) provided in pertinent part as follows:

Any officer on the active list of the Regular Army ... or of the reserve components of the Army ... who shall have completed not less than twenty or more than thirty years' active Federal service in the armed forces of the United States, at least ten years of which shall have been active commissioned service, may in the discretion of the Secretary of the Army ... be retired upon his own application.

that the plaintiffs have presented no evidence in support of their charges.

## DISCUSSION

In reviewing a motion to dismiss for failure to state a claim, the facts alleged by the plaintiffs in their complaints are regarded favorably to the pleaders. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Balboa Ins. Co. v. United States*, 3 Cl.Ct. 543, 544 n. 1 (1983) (citing *Featheringill v. United States*, 217 Ct.Cl. 24 (1978)). Indeed, as stated by the Supreme Court of the United States in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), "[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102.

The Complaints presently before the Court allege, as the complainant in *McCarron* did, that the defendant erred in requiring plaintiffs to serve for thirty years, under the provisions of 10 U.S.C. § 3964, before agreeing to advance them in retirement to the highest commissioned grade in which they served. In addition, plaintiffs assert that this Court's holding in *McCar-*

*ron* should not be controlling in the present actions since the arguments advanced by the defendant in *McCarron* were made in bad faith and were erroneously relied on by this Court.[6]

As in the *McCarron* case, plaintiffs, in the cases currently before the Court, base their theory of recovery on two asserted legal interpretations of the relevant statutes and the Constitution of the United States. First, plaintiffs assert that the provisions of Section 202 of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, and sections 14(d) and 14(f) of the Warrant Officer Act, allow for plaintiffs' retirement from the Army in the highest grade in which they have satisfactorily served after twenty years of active service.[7] Plaintiffs contend that the legislative intent behind these statutory provisions (which were both repealed many years ago) was to place personnel of the Army and Air Force on a par with personnel of the Navy, which allowed its officers and warrant officers with twenty years of service, at least ten years of which were commissioned, to be retired with the highest rank held while on active duty.[8] According to the plaintiffs, these Acts reflected a legislative intent to establish uniformity of warrant officer retirements in all of the services, which plaintiffs main-

6. The Court notes that plaintiffs' attorney, McCarron, who is a member of the bar of this Court, represented himself in *McCarron v. United States,* and now presents himself as the attorney for the plaintiffs in each of the cases included in this Opinion.

7. Section 202 of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, ch. 708, 62 Stat. 1081, 10 U.S.C. § 971b, *repealed by* 70A Stat. 641 (1956), reenacted and codified as 10 U.S.C. § 1331, Act of August 10, 1956, c. 1041, 70A Stat. 1, 102.

Section 14(d) & (f) of the Warrant Officer Act of 1954, c. 249, 68 Stat. 157, *repealed by* 70A Stat. 641, reenacted and codified as 10 U.S.C. § 1371 (1976), provided in pertinent part as follows:
(d) A warrant officer who is retired under this section shall, as determined by the Secretary, be retired in the permanent warrant officer grade held on the day before the date of his retirement, or in any higher warrant officer grade in which he has satisfactorily

served, as determined by the Secretary, on any full time duty under competent orders specifying that the period of such duty shall be for a period in excess of thirty days or for an indefinite period.
(f) The provisions of this section or section 13 shall not prevent any warrant officer from electing to be placed on the retired list in the highest and with the highest retired pay to which he may be entitled under any other law.
68 Stat. 163, 164 (1954).

8. In 1986, Chief Warrant Officers in the Army were given prospective official commissioned status only. Therefore, since the statute was not made retroactive and the provisions were not in effect at the time of plaintiffs' retirement, plaintiffs are unable to rely on the terms of the 1986 statute. See Section 531 of the Department of Defense Authorization Act of 1986, Pub.L. No. 99–145, 99 Stat. 633, (codified as 10 U.S.C. § 555(b) (1986)); *McCarron v. United States,* 12 Cl.Ct. at 584 n. 5.

tain was ignored by this Court in its decision in *McCarron*.

Second, plaintiffs, as did Mr. McCarron, assert that they are entitled to recovery based on 10 U.S.C. § 277 (1976)[9] and the Fifth Amendment to the Constitution. Plaintiffs contend that the statutory distinction, which provides for their retirement as warrant officers after 30 years of active service, is unfairly discriminatory between regular and reserve officers of the Army, as compared to warrant officers of other services.

A careful review of the factual background and the legal theories advanced by the plaintiff in *McCarron* convinces this Court that *McCarron* cannot be distinguished from the present actions and that this Court's disposition in *McCarron* is controlling authority. Mr. McCarron, formerly a plaintiff, now the attorney for the plaintiffs currently before the Court, is, himself, a former United States Army officer, who had voluntarily retired in 1980 in the grade of CW2. In the *McCarron* case, he asserted to this Court an entitlement to retirement in the higher grade of Major after an accrued active military service career of twenty years and two months in the regular and reserve Army. In promoting his own case, McCarron relied on several statutes, including section 202 of the Army and Air Force Vitalization and Equalization Act of 1948, sections 14(d) and 14(f) of the Warrant Officer Act of 1954, and 10 U.S.C. § 277, as well as the Fifth Amendment to the Constitution, to support his position.

■ The defendant, in responding to the *McCarron* case, and in responding to the cases now before the Court, has consistently maintained that the controlling statute in effect when plaintiffs each retired was 10 U.S.C. § 3964.[10] In view of the unambiguous provisions of 10 U.S.C. § 3964, this Court agreed and rejected the plaintiff McCarron's reliance on obsolete statutes which had been repealed and legislative histories of those repealed statutes. *McCarron v. United States*, 12 Cl.Ct. at 584 n. 4. This Court concluded that, at the time plaintiff *McCarron* retired, the "statute clearly required an Army warrant officer who retired in 1980, although eligible to retire after 20 years, to have completed 30 years of total service in order to be advanced on the retired list, for retirement pay purposes to the highest temporary grade in which he had served satisfactorily on active duty." *Id.* at 584. Simply stated, at the time Mr. McCarron retired, under controlling law, he was ineligible to be advanced to the highest grade in which his service had been satisfactory, because he had not completed 30 years of active and retired service.

In the present cases, *Duncan, et al. v. United States* and *Winslow v. United States*, the operative facts are indistinguishable from *McCarron*. The plaintiffs at bar, like the plaintiff in *McCarron*, are retired Army officers who assert an entitlement to retirement in the higher grade of Major or in the case of plaintiff Hall, Lieutenant, after an accrued active military service career of more than twenty years, but less than thirty years, in the regular and reserve Army. Moreover, plaintiffs in the present actions have offered the same legal theories that were advanced and rejected by this Court in *McCarron*.

■ Once again, as in *McCarron*, the Court reiterates that plaintiffs' reliance on the legislative histories behind the Army and Air Force Vitalization and Retirement Equalization Act of 1948 and the Warrant Officer Act is wholly inadequate to support their claim for relief. The statutory provisions on which plaintiffs rely have been

---

9. 10 U.S.C. § 277 (1976) provides:

Laws applying to both Regulars and Reserves shall be administered without discrimination-
 (1) among Regulars;
 (2) among Reserves; and
 (3) between Regulars and Reserves.

10. 10 U.S.C. § 3964 (1976) provides the following:

Each warrant officer of the Army, and each enlisted member of the Regular Army, who is retired before or after this title is enacted is entitled, when his active service plus his service on the retired list totals 30 years, to be advanced on the retired list to the highest temporary grade in which he served on active duty satisfactorily, as determined by the Secretary of the Army. *Id.*

**6**

repealed. Moreover, resorting to legislative histories is inappropriate when the language of the governing statute is clear. *Texas State Comm'n for the Blind v. United States*, 796 F.2d 400, 406 (Fed.Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 874, 93 L.Ed.2d 828 (1987) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)).

Likewise, plaintiffs' reliance on 10 U.S.C. § 277 and the Fifth Amendment to the United States Constitution is also misplaced. 10 U.S.C. § 277, which addresses only the distinctions between the rights of regular and reserve officers, is not at issue in the instant cases. *McCarron v. United States*, 12 Cl.Ct. at 586. Furthermore, we hold as in *McCarron* that no violation of the equal protection clause of the Fifth Amendment exists in the cases at bar. *Id.* at 586–87.

 This Court is also convinced that plaintiffs have failed to make even a colorable showing of bad faith on the part of any government officials. Generally, there exists a strong presumption that the administrators of the military, like other government officials, discharge their duties lawfully and in good faith. This presumption can only be rebutted by cogent and clearly convincing evidence that the official's actions were undertaken in bad faith. *Sanders v. United States Postal Serv.*, 801 F.2d 1328, 1331 (Fed.Cir.1986); *Braddock v. United States*, 9 Cl.Ct. 463, 472 (1986); *Kalvar Corp. v. United States*, 543 F.2d 1298, 1301–02, 211 Ct.Cl. 192, 198 (1976); *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 89 (1977).

The naked allegations of bad faith made by the plaintiffs, for which the only support they offer is their torqued interpretation of the legislative intent of obsolete statutes, is wholly without merit. Moreover, in the instant cases, resorting to the legislative history, in view of the clear statutory language of the applicable law, 10 U.S.C. § 3964, is also inappropriate. Plaintiffs' allegations of bad faith fall far short of the "irrefragable proof" that is traditionally required to overcome the presumption of regularity of the proceedings. *Kalvar v. United States*, 543 F.2d 1298, 211 Ct.Cl. at 198–99.

The Court assumes that a member of the bar understands the serious nature of accusing a fellow member of the bar of bad faith. Therefore, this Court has taken the allegations asserted in the instant case seriously and carefully reviewed the record in these cases, and in the *McCarron* case. As it began its analysis, the Court assumed that plaintiffs' attorney, Mr. McCarron, was not just making such allegations because he lost in the *McCarron* case. It appears, however, that the allegations of bad faith, in fact, were used as a vehicle for plaintiffs' counsel once again to try to reargue the case he presented on his own behalf in *McCarron*. The Court cannot allow such a tactic on the part of Mr. McCarron, who is appearing as plaintiffs' counsel in *Duncan, et al. v. United States* and *Winslow v. United States*, the cases currently before the Court. Although plaintiffs have had ample time and opportunity to gather evidence of bad faith through discovery or otherwise, they have failed to do so and have presented nothing other than bald allegations, as included in their pleadings. Plaintiffs' bad faith allegations, therefore, clearly fail.

Defendant's Motions to Dismiss the Complaints in *Duncan, et al. v. United States* and *Winslow v. United States* should be granted since it appears, based on the information before the Court, that none of the plaintiffs can prove a set of facts in support of their claim which would entitle them to relief. *See Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–02. In short, plaintiffs would be entitled to upgrade their retirement only under the terms and subject to the conditions set forth in 10 U.S.C. § 3964. "The status of retirement for military personnel and the right to and the amount of retired and retirement pay are created and controlled by statute. If there is no statutory authorization for payment then the claimant is not entitled to any payment as a matter of right." *Goodley v. United States*, 441 F.2d 1175, 1178–79, 194 Ct.Cl. 829, 835 (1971) (quoting *Ab-*

bott v. United States, 287 F.2d 573, 576, 152 Ct.Cl. 798, 804, cert. denied, 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130 (1961)). As this Court determined in McCarron, there is nothing in the applicable statutory framework to entitle plaintiffs to upgrade their retirement grade in the circumstances presented in their cases. Moreover, plaintiffs have failed to establish that the defendant's reliance on the clear statutory mandate in effect at the time of their retirement demonstrates any bad faith on the part of the defendant.

## CONCLUSION

For the reasons stated above, the defendant's Motions to Dismiss the Complaints are, hereby, GRANTED.

IT IS SO ORDERED.