Barmore DUNCAN, Steven A. Gardner, Edward Y. Hall, Harvey W. Riley, Walter W. Welch, III and Roger Winslow, Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

No. 91–5038.

United States Court of Appeals, Federal Circuit.

Nov. 13, 1991.

Neil F. McCarron, Jr., Bedford, Mass., argued, for plaintiffs-appellants.

John S. Groat, Atty., Commercial Litigation Branch, Dept. of Justice of Washington, D.C., argued, for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director. Also on the brief was Major Ray Jennings, Jr., Dept. of the Army, Arlington, Va., of counsel.

Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

CLEVENGER, Circuit Judge.

Barmore Duncan, Steven A. Gardner, Edward Y. Hall, Harvey W. Riley, Walter W. Welch, III, and Roger Winslow (Appellants) appeal the decision of the United States Claims Court granting the Government's motion to dismiss their causes of action for failure to state a claim upon which relief could be granted. *Duncan v. United States*, 22 Cl.Ct. 1 (1990). We affirm.

## I

Appellants served both as commissioned officers and as warrant officers in the United States Army. Each served on active duty as a commissioned officer for more than ten years and served overall more than twenty years. Each, however, was twice passed over for promotion to the next higher commissioned rank between 1978 and 1982. Following their respective non-selections for promotion, Appellants faced release from active duty under 10 U.S.C. § 3303 (1976), *repealed and recodified* by the Defense Officer Personnel Management Act of 1980, Pub.L. 96–513, 94 Stat. 2880, at 10 U.S.C. §§ 631–32 (1988), without accumulation of sufficient terms of service to claim entitlement to statutory retirement benefits.

In order to remain on active duty to complete twenty years of service, and thus qualify for statutory retirement benefits, Appellants applied for, were offered and accepted appointments as warrant officers. After serving three or more years as warrant officers and having accumulated over twenty years of total service, Appellants retired.

Upon retirement, Appellants were entered on the retired list at the grade of Chief Warrant Officer Two, pursuant to 10 U.S.C. § 1371, which provides that:

> Unless entitled to a higher retired grade under some other provision of law, a warrant officer retires ... in the ... warrant officer grade ... that he held on the day before the date of his retirement....

10 U.S.C. § 1371 (1988).

In proceedings before the Army Board for Correction of Military Records (Board), Appellants contested their placement on the retired list in the grade of Chief Warrant Officer Two, the grade held the day before each of the respective retirements. They claimed that an "other provision of law" entitled them to a higher retired grade, namely 10 U.S.C. § 3911 (1976), which provides that:

> The Secretary of the Army may, upon the officer's request, retire a regular or reserve commissioned officer of the Army who has at least 20 years of service ..., at least 10 years of which have been active service as a commissioned officer.

10 U.S.C. § 3911 (1976), *amended by* National Defense Authorization Act for Fiscal Year 1991, Pub.L. 101–510, 104 Stat. 1562, *codified at* 10 U.S.C. § 3911 (Supp. II 1990).

The Board concluded that Appellants, retiring as warrant officers and not as commissioned officers, were properly placed on the retirement list under section 1371, and would be entitled to advancement in rank on the retirement list pursuant to 10 U.S.C. § 3964 (1976), which provides that:

> Each warrant officer of the Army ... who is retired before or after this title is enacted is entitled, when his active service plus his service on the retired list totals 30 years, to be advanced on the retired list to the highest temporary grade in which he served on active duty satisfactorily....

10 U.S.C. § 3964 (1976), *amended by* Department of Defense Authorization Act, 1985, Pub.L. 98–525, 98 Stat. 2528, and National Defense Authorization Act for Fiscal Years 1988 and 1989, Pub.L. 100–180, 101 Stat. 1089, *codified at* 10 U.S.C. § 3964 (1988). Upon denial by the Board of the Appellants' requests for advanced retirement rank and corresponding back pay, two complaints (one by Winslow alone, the other by Duncan and the remaining Appellants together) were filed in the United States Claims Court to review the Board's decision.

## II

The history of this case, and its companion *McCarron v. United States*, 12 Cl.Ct. 582 (1987), *aff'd*, 846 F.2d 78 (Fed.Cir.) (Table), *cert. denied*, 488 U.S. 853, 109 S.Ct. 138, 102 L.Ed.2d 111 (1988), is fully described in the opinion of the Claims Court and is therefore suitable for abbreviation. The *McCarron*, *Duncan*, and *Winslow* complaints raised the same statutory construction question: whether section 3911 is an "other provision of law" for purposes of section 1371, sufficient to entitle the various plaintiffs to retire in the grade of the highest commissioned officer rank held during service. The Government moved for summary judgment in *McCarron*. The Claims Court granted that motion, holding that only commissioned officers, not warrant officers, are entitled to retirement under section 3911 and that the retirement of warrant officers is governed by sections 1371 and 3964. Pending appeal to this court of that decision, and thereafter on petition for certiorari to the United States Supreme Court, proceedings in the Claims Court in the *Duncan* and *Winslow* cases were suspended. Upon denial of the writ of certiorari in *McCarron*, the Government moved to dismiss the *Duncan* and *Winslow* complaints on the grounds of failure to state a claim upon which relief could be granted.

Since the issues raised in *Duncan* and *Winslow* were the same as those in *McCarron*, the Claims Court granted the Government's motion to dismiss on the basis of, and for the reasons stated in, the Claims Court's opinion in *McCarron*. Because this court's opinion in *McCarron* was issued in nonprecedential form, the Claims Court was unable simply to dismiss on the basis of the earlier affirmance.

## III

██ The only issue on appeal is whether the Claims Court erred in deciding that section 3911 is not an "other provision of law" for purposes of section 1371, so as to enable Appellants to retire in the highest commissioned officer grade ever held. This issue is a matter of statutory construction, and the matter simply framed by Appellants is whether the words "commissioned officer" in section 3911 also mean "any officer", so as to include a warrant officer.

Appellants base their contention upon two previous statutory provisions, long since repealed. First, Appellants point to an earlier version of section 3911, Section 202 of the Equalization Act,[1] in which reference was made to retirement by "any officer" instead of retirement by a "commissioned officer." Appellants next cite an earlier version of section 3964, originally enacted as Section 203 of the Army and Air Force Vitalization and Retirement Equalization Act of 1948[2] (Equalization Act). That superseded version of section 3964 read in part, "[w]arrant officers shall be entitled to retirement under the same conditions as commissioned officers...." Reading the two previous statutes together, Appellants contend that before 1956, Congress intended "any officer" to include a warrant officer. Appellants then contend that the asserted pre–1956 intent of Congress requires section 3911 as now written to include warrant officers in the category of "commissioned officer."

---

1. 62 Stat. 1081 (originally codified at 10 U.S.C. § 971b (1956)), *repealed by* 70A Stat. 641 (1956), reenacted and codified as 10 U.S.C. § 3911, Act of August 10, 1956, ch. 367, 70A Stat. 224.

2. 62 Stat. 1081, 1085 (originally codified at 10 U.S.C. § 594 (1952)), *repealed by* 70A Stat. 641 (1956), reenacted and codified at 10 U.S.C. § 3964, Act of August 10, 1056, ch. 369, 70A Stat. 231.

■ Appellants' reliance upon legislative intent of repealed statutes is unpersuasive. As the Claims Court twice noted, repealed statutes cannot override later enactments which clearly provide solely for retirement of Army warrant officers. *McCarron v. United States*, 12 Cl.Ct. at 585; *Duncan v. United States*, 22 Cl.Ct. at 6.

■ The short of the matter is that section 3911 on its face pertains only to retirement of commissioned officers. Appellants retired as warrant officers. Section 1371 on its face pertains to retirement of warrant officers, and section 3964 on its face provides the avenue for warrant officers to enhance retirement grade based upon the highest rank and grade held in previous active service. When confronted with statutory language that clearly and unambiguously declares the meaning of the statute, our inquiry is at an end, except in rare and exceptional circumstances not present here. *Demarest v. Manspeaker*, —— U.S. ——, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991). The sole function left to us is to enforce the statute according to its terms. *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). Appellants rely on legislative intent for statutes since repealed. Such intent has no relevance to show subsequent enactments as being at odds with subsequent legislative intent.

Finally, our precedent is clear that terms such as "any officer," as used in the repealed version of section 3911, do not include warrant officers: "[I]f Congress had intended to include warrant officers within the general term 'officers of the Army' it would have done so." *Walton v. United States*, 89 Ct.Cl. 28, 30 (1939).

The plain meaning of the relevant statutes and our precedent require us to conclude that "commissioned officer" in section 3911 does not include a warrant officer.

The decision of the Claims Court is AFFIRMED.